JOHN G. CHRISTOPHER *et al.*, *Appellants*, v. JANE MUNGEN *et al.*, *Appellees.*

1. Where the *bona fide* object of a suit is partition of land between common owners thereof, one of whom is the complainant and the others are defendants, the proceeding as to the rights and interests of the parties is direct and not collateral.

2. An adjudication by the court that a deed of trust does not convey an estate of inheritance to the trustee, but that the instrument taken as a whole only confers upon the trustee a

power to convey land in fee simple, does not divest an estate of inheritance, but merely adjudicates the character of the estate or power that was conferred by the deed of trust.

3. The fact that the grantor in a deed of trust does not mention his children therein, does not deprive them of any right conferred upon them by law with reference to the property placed in trust.

4. A decision of the court does not vest rights in those not parties to the proceeding.

5. Where parties inherit under a statute they are not deprived of their rights thereunder when such statute is declared unconstitutional and afterwards declared to be constitutional, they not being parties to the case in which the statute was adjudged to be invalid, and the doctrine of *stare decisis* not being justly applicable.

This case was decided by the court En Banc.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman, Fleming & Fleming, Stephen E. Foster,* and *Baker & Baker,* for motion;

*Bryan & Bryan,* contra.

ON REHEARING.

WHITFIELD, C. J.—It is earnestly suggested in a petition for rehearing that the court overlooked some of the features of this case that would affect the result. But this is not justified as a most careful consideration was given to every aspect of the case. The proceeding is not collateral but direct, and the paramount object of the

bill is not to decree a title in the appellee by declaring her an heir of her father and by divesting the heirs of the trustee of a legal estate; but apparently the *bona fide* object of the suit is the partition of land between common owners thereof, one of whom is the complainant and the others are defendants. In such a case the statute provides that "the court shall proceed to ascertain and adjudicate the rights and interests of the parties." Section 1943 Gen. Stat. of 1906; Camp Phos. Co. v. Anderson, 48 Fla., 226, 37 South. Rep., 722, 111 Am. St. Rep., 77. In ascertaining and adjudicating the rights and interests of the parties, the purpose and effect of the deed of trust made by the original owner of the land and the power or estate taken thereunder by the trustee, as well as the right of claimants to inherit from the original owner, were proper subjects of judicial determination. The use of the word "heirs" in a deed of trust does not necessarily create an estate of inheritance, and the whole instrument may in effect convey a power merely or such an estate only as is required for the purposes of the trust. In this case the grantor covenanted to have' and to hold the premises unto the trustee and his heirs and assigns in trust for stated purposes, with express authority given the trustee "to sell and convey" as he may deem best for the purposes of the trust, which is held to be a mere power to sell and convey the title in fee simple for the trust purposes.

An adjudication by the court that a deed of trust does not convey an estate of inheritance to the trustee, but that the instrument taken as a whole merely confers upon the trustee a power to convey the land in fee simple, does not divest an estate of inheritance, but merely adjudicates the character of the estate or power that was conferred by the deed of trust.

The fact that the grantor in a deed of trust does not mention his children therein, does not deprive them of any right conferred upon them by law with reference to the property placed in trust.

As the appellee inherits under the act of 1866, the fact that such act was in 1899 held to be unconstitutional in a case where the appellee was not a party, does not deprive the appellee of her right to inherit under the act of 1866, when it is declared to be a valid act as originally adopted, and the decision declaring the act to be unconstitutional is disapproved and not followed, the doctrine of *stare decisis* not being justly applicable. The decision overruled did not vest rights in those not parties to the suit.

The holding is that the deed of trust did not convey an estate of inheritance to the trustee but conferred a power upon the trustee personally "to sell and convey" the title in fee, that the wife was not given an estate of inheritance in the trust for her benefit, that she took only a dower interest apart from the trust, and that the appellee has a legal title by inheritance under the act of 1866 to an undivided half of the land, in the absence of the showing that such title for some reason never vested or has been divested.

A rehearing is denied.

All concur.