W. L. BRADLEY AND GEORGE R. COOPER, *Plaintiff in Error,*
v. D. B. RAULERSON, *Defendant in Error.*

Opinion Filed January 10, 1914.

Section 2390 Gen. Stats. of 1906, in order to be operative must be construed in connection with Section 17, Art. V. of the Constitution of 1885, and before the heir of a decedent can appropriate his property, or if there be more than one heir, before they can divide the property among themselves, so as to acquire the right to sue and recover upon a note or notes made to decedent in his lifetime, the county judge of the county having the jurisdiction to settle the estate, upon proper application, must make and record an order that there is a decedent's estate, not disposed of by will, that the estate is not indebted, that there is a sole heir, naming him or her, or if more than one heir who they are, and that the property has been amicably divided among them, and what property has been assigned to each heir, or that there is no property, except exempt homestead and personal property, and that decedent left no will. This is essential to protect debtors.

Writ of error to Circuit Court of Columbia County; Mallory F. Horne, Judge.

Order reversed.

*A. J. Henry,* for Plaintiffs in Error;

*R. T. Boozer,* for Defendant in Error.

HOCKER, J.—D. B. Raulerson brought an action at law against W. L. Bradley and G. R. Cooper in the Circuit Court of Columbia County to recover upon two notes for $500.00 each alleged to have been executed on April 4th, 1911, to R. E. Raulerson, deceased at the time the action was brought. The first note was due December 1st, 1911,

and the second December 1st, 1912. It is alleged in the declaration that the notes represented the purchase price of a sawmill, and in default of payment of the first note when due, the second note became due. It is alleged in the declaration that R. E. Raulerson died April 15th, 1912, leaving surviving him as sole heirs at law C. H. Raulerson, Ida Raulerson, Mary E. Raulerson and plaintiff; that no debts were owing by said R. E. Raulerson at the time of his death, and that no administration has been had upon his estate, and that the said heirs C. H. Raulerson, Ida Raulerson, and Mary E. Raulerson endorsed each of said notes and assigned all their right, title and interest in them to the plaintiff. It is alleged that the first note is subject to a credit of $105.00, and defendants have failed and refused to pay the residue, and it was necessary to sue upon them, and plaintiff claims the principal and interest due, and ten per cent. attorneys' fees. The two notes provide for attorneys' fees, and are made parts of the declaration. There was a demurrer to the declaration on the ground, among others, "that the declaration does not show title in the plaintiff." This was overruled, a trial was had resulting in a judgment for the defendant in error. This judgment is here on writ of error.

The defendant in error relies upon Section 2390 General Statutes of 1906, to show his title. That Section is as follows: "No administration shall be necessary upon any estate where there is a sole heir and the estate is not indebted; or where the estate is not indebted, and there are several heirs who make division of the property amicably among themselves, or where there is no property except the exempt homestead and exempt personal property." This section except the last clause was brought forward in the General Statutes of 1906, from

the first section of Chapter 3434 Laws of 1883. The title of that Chapter is "AN ACT in Relation to Small Estates and to Save the Same from Wasteful Costs and Expenditures." The second and third sections provide that where an estate is of less value than $500.00 the County Judge shall make an order that the notices required in administration shall not be published in a newspaper, but shall be given by posting.

Section 17 of Article V of the Constitution of 1885, provides among other things: "The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate." Was it the purpose of the legislature in the original act, or in section 2390, to deprive the County Judge of his constitutional jurisdiction to settle the estate of decedents? We cannot think so. It was competent for the legislature to prescribe the procedure to be followed in administering, and the constitution contains no restrictions upon the form or method of procedure. But it seems to us that to make section 2390 General Statutes of 1906 operative, there must be a judicial ascertainment, by the county judge in the exercise of his constitutional power of the facts that make the section applicable. that is to say that there is a decedent's estate, not disposed of by will, that the estate is not indebted, that there is a sole heir, or if more than one heir who they are, and that the property has been amicably divided among them, and what property has been assigned to each heir, or that there is no property except exempt homestead and personal property, and that the decedent left no will. When these facts are ascer-

tained by the County Judge and made a matter of record, there is no necessity for an administration which would seem to entail unnecessary costs. But unless the County Judge judicially ascertains these facts and records them, what protection would the debtors of the decedent have against being sued by a subsequently appointed administrator or executor if one should be appointed at the instance of a creditor of the decedent? Without this construction section 2390 affords debtors of a decedent no protection whatever against such a suit, for the payment of a debt to an heir of the decedent would not discharge the debt; but with this construction an heir becomes the authorized agent of the law to collect debts and give acquittances. We do not think the statute intended to make the heirs of a decedent the exclusive judges of the existence of facts which are of so far reaching importance in the settlement of estates.

In this case the declaration does not allege that any such procedure was followed. It is upon the assertion of one of the heirs of Raulerson alone that the declaration depends, and this does not even allege that R. E. Raulerson died intestate.

The order overruling the demurrer was, we think, erroneous. The judgment below is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.