**CORAL GABLES FIRST NATIONAL BANK, a corporation, v. MARGARET MARTIN HART.**

20 So. (2nd) 647                                           January Term, 1945
January 23, 1945                                                    En Banc

*Howell, McCarthy, Lane & Howell,* for appellant.

*E. C. Mitchell,* for appellee.

TERRELL, J.:

In July, 1944, Margaret Martin Hart secured from the County Judge of Dade County, an order of "No Administration Necessary" as provided by Chapter 735, Florida Statutes 1941. Appellant, Coral Gables First National Bank, then brought suit in the Circuit Court of Duval County to determine the validity vel non of the "No Administration Necessary" Statute. This appeal is from a final decree upholding the statute and requiring appellant to pay to appellee $450, she having been adjudicated to be the one entitled to receive that amount from the estate of Paul Pearce Hart.

The petition for order of "No Administration Necessary" was filed as required by Section 735.02, Florida Statutes of 1941, and states that Paul Pearce Hart died on or about April 24, 1943, and at the time of his death was a resident of Dade County, Florida, that he was twenty-seven years of age and was possessed of no real estate but was the owner of personal property in the approximate value of $2000, one item of which was a cashier's check payable to himself by Coral Gables First National Bank of Coral Gables, Florida, in the sum of $450. It is further shown that decedent died intestate, without children, that he was not indebted to any one nor

were there any claims against his estate at the time of his death, that petitioner is his lawful wife, that she is over the age of twenty-one and is his sole heir and the only one entitled to inherit from his estate.

Appellant contends that the decree appealed from is erroneous, that Chapter 735 is unconstitutional and being so, the order of "No Administration Necessary" is void.

This contention is predicated on the theory that the order of "No Administraton Necessary" was entered solely upon the presentation to the Court of the self serving Ex parte petition of Margaret Martin Hart without evidence, process, citation, or notice to the appellant or to any creditor, heir, or other person claiming an interest in the estate, that when so entered, there was lack of due process of law to give the probate court jurisdiction of the estate or to bind the interest of others who may later appear as heirs or creditors of the estate. It is also contended that if appellant is required to pay over the $450 under such circumstances, it would become liable to others who might later claim as heirs or creditors of the decedent.

To secure an order of "No Administration Necessary," the estate must be shown to be in one of the four classes defined in Section 735.01. When this is the case, any person or creditor who would be eligible or entitled to serve as administrator or executor of the estate may file a petition in the Court having jurisdiction setting forth the facts required by the statute and pray that an order of "No Administration Necessary" be entered.

When the petition is sworn to and filed as required by law, the county judge shall consider it and if he finds the facts alleged to be true, he shall enter an order that no administration be had in said estate. In such order, the judge is required to enumerate in his findings, (1) the names of the legal heirs entitled to receive said estate, (2) what property of the estate, if any, is exempt from claims of creditors, (3) whether or not there are any lawful debts against the estate, and (4) the amount of real and personal property belonging to the estate.

The order and findings of the court shall for the first year next after the entry thereof constitute prima facie evidence in all courts of this State as to the heirship, and indebtedness of said estate, and of the rights of exemption claimed by the heirs or the widow, and shall constitute legal authority for the payment to the persons described in said order as the proper legal heirs entitled to receive said estate or persons dealing therewith in any manner. If the said order is not attacked within one year, it shall be conclusive of the finding therein. Section 735.04, Florida Statutes 1941.

Many questions will arise in the administration of this act that cannot be anticipated in this litigation. It is our view that a sole heir in a case like this may proceed at once to recover a debt or any tangible property belonging to the estate as soon as the order of "No Administration Necessary" is entered. In this holding, we do not overlook the fact that for a period of one year the order of "No Adminstration Necessary" is only prima facie valid. If within this time, another person claiming to be the true heir appears on the scene, he would be precluded from securing a second order of "No Administration Necessary" and then proceeding against the original debtor but he would not be precluded from proceeding against the person designated as heir in the first order of no administration as he becomes the authorized agent of the law to collect debts and give aquittances for claims against the estate. Bradley v. Raulerson, 66 Fla. 601, 64 So. 237.

The purpose of Chapter 735 is to provide an inexpensive expeditious method of administering estates that are shown to be within its scope. Any other interpretation would defeat the purpose and intent of the Act and would relieve the order of "No Administration Necessary" of its uniform application. It would affect materially the ability of the heir to recover as between debtors and it would be subject to inequalities in other respects.

Given this interpretation, we do not consider the act open to challenge for unconstitutionality on the ground that it deprives creditors of the decedent of their property without due process of law. Under the law of this State (Probate

Act) personal and real property descends to the heirs. Since devolution is a matter of legislative discretion, it is entirely competent for the Legislature to say that any kind of property shall pass direct to the heirs rather than be suspended until a personal representative be appointed and vest in the heirs through him. Unsecured creditors are at all times subject to the caprice of the Legislature in so far as estates are concerned. While it is proper that their claims be paid and they may apply for letters of administration but if they fail to do this and the heir secures an order of "No Administration Necessary" then they may sue the heir to collect the debt. In other words, the most they have at any time is a chose in action and they may sue the heir who secured the order to collect the debt. They had no property right before the Act was passed and no property right was taken from them by it. Heirs of Ludlow v. Johnston, 3 Ohio 553, 17 Am. Dec. 609.

The same reasoning would apply in case other heirs show up. This Court has approved the doctrine that the right to take real or personal property by inheritance is purely statutory. Sorrells v. McNally, 89 Fla. 457, 105 So. 106; Irving Trust Company v. Day, 314 U. S. 556, 62 Sup. Ct. 398, 86 L. Ed. 452. Nothing is involved here but a chose in action. There is no limitation on the Legislature to direct its assignability or its devolution. The Constitution contains no provision limiting the distribution of a decedent's estate except the inhibition against special laws relating to them. The provision relating to homestead and exemptions has no relation to this case.

Upon the death of the owner, if there be no will, his property vests in his heirs or escheats to the State in the manner provided by statute. Cross v. Benson, 68 Kan. 495, 75 Pac. 558. If an administrator or executor be appointed, the heir could take a chose in action from him but here the statute provides for an order of "No Administration Necessary" by the heir to take it direct. If the heir fails in this and some other person obtains such an order and collects the debt, the doctrine of Bradley v. Raulerson, supra, applies and the person so taking becomes the "authorized agent of the law" and the true heir's claim is against him instead of

against the debtor who paid in reliance on the order of "No Administration Necessary."

Given this interpretation, it follows that the statute is valid; the order of no administration was proper; so the judgment of the circuit court is affirmed.

Affirmed.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.