258 So.2d 450 (1971)
In the Matter of ESTATE of Thomas J. McGINTY, Deceased.
No. 41194, County Judge's Court No. 29965.
Supreme Court of Florida.
December 1, 1971.
Rehearing Denied March 17, 1972.
*451 Burdick & Daves, West Palm Beach, for appellant.
C.H. Albury, of Heuer & Albury, West Palm Beach, for appellee.
BOYD, Justice.
This cause is before us on appeal from the County Judge's Court, Palm Beach County. The judgment sought to be reviewed directly passes on the validity of a Florida Statute, giving this Court jurisdiction of the cause under § 4, Article V, of the Florida Constitution, F.S.A.
The basic issue presented is whether the purported devise by Thomas J. McGinty, deceased, of his residence in Palm Beach County, Florida, to his daughter, Patricia, is valid. The trial court held that the property was homestead and not subject to devise because the decedent was survived by lineal descendants. In reaching this result, the trial court held that the provisions of § 4(c), Article X, of the Florida Constitution, that a homestead is not subject to devise "if the owner is survived by spouse or minor child,"[1] (e.s.) was not in conflict and did not repeal Florida Statutes § 731.05(1), F.S.A., which provides:
"Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants, or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads." (e.s.)
The foregoing statute has remained substantially unchanged since 1933.[2]
The Constitution of Florida, as adopted in 1968, adds the requirement of minority as regards the surviving children of a deceased homestead owner. The Constitution of 1885, § 4, Article X, in effect at the time Florida Statutes § 731.05(1), F.S.A. was adopted simply provided:
"Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." (e.s.)
The class of persons designated as "minor children" is substantially different from and inconsistent with, "lineal descendants." We hold, therefore, that the requirements of Article X, § 4 of our present Constitution, adopted in 1968, controls and repeals the inconsistent provision of Florida Statutes § 731.05(1). The restraint on the right of an individual to devise his property at death should not be extended beyond that expressly allowed by the Constitution.
In the instant case, the four children of Thomas J. McGinty, widower, who survived him were not minors. All were over twenty-one years of age at the time of McGinty's death. We hold, therefore, that McGinty's devise of his residence to his daughter, Patricia Ann McGinty, is valid. Because of our decision on this controlling point, it is unnecessary to consider the correctness of the trial court's findings regarding the dependency of the testator's adult children and the contiguous nature of the property in question.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
*452 ROBERTS, C.J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents with opinion.
ADKINS, Justice (dissenting):
I must respectfully dissent.
The majority opinion takes the position that a restraint on the right of an individual to devise his property at death should not be extended beyond that expressly allowed by the Constitution.
It is well settled that the State Constitution is not a grant of power but a limitation upon power. Unless legislation duly passed be clearly contrary to some express or implied prohibition contained in the Constitution, the courts have no authority to pronounce it invalid. Harry E. Prettyman, Inc. v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442 (1926); State ex rel. Jones v. Wiseheart, 245 So.2d 849 (Fla. 1971).
The right to inherit is controlled by legislative fiat, and devolution is a matter of legislative discretion. It is the sole province of the Legislature to designate heirs and to infuse inheritable blood into those who are to inherit the property of a decedent. See 10 Fla.Jur., Descent and Distribution, § 11, p. 243, citing Christopher v. Mungen, 61 Fla. 513, 55 So. 273, reh. den. 61 Fla. 534, 55 So. 281 (1911); Coral Gables First National Bank v. Hart, 155 Fla. 482, 20 So.2d 647 (1945). See also 7 F.L.P., Descent and Distribution, § 3, p. 520.
The Legislature is empowered to determine the law of succession as long as such laws are not in conflict with the Constitution and additional legislative restrictions should be held valid. In other words, the Legislature may prescribe any method for succession of homestead or devise of homestead subject only to the prohibition that a homestead is not subject to devise "if the owner is survived by spouse or minor child." This provision is not in conflict with Fla. Stat. § 731.05(1).
The majority opinion can be justified only if we overlook the basic principle that the Constitution is a limitation upon power, not a grant of power.
NOTES
[1] Fla.Con. § 4(c), Art. X: "The homestead shall not be subject to devise if the owner is survived by spouse or minor child."
[2] Laws of Florida, 1933, c. 16103 § 6, p. 545.