### In re WILSON ESTATE.
No. 4976.

Circuit Court, Indian River County.

June 28, 1973.

Robert B. Cochran of Sullivan, Cochran, Ranaghan & Bailey, Pompano Beach, for the petitioner.

Richard B. Bogosian, Vero Beach, for the respondent.

Charles Herring, Vero Beach, for the estate.

JAMES E. ALDERMAN, Circuit Judge.

*Order determining homestead:* This cause came on for hearing upon a petition to establish homestead, filed by Eleanor W. Hawes. There appears to be no real dispute of fact between the parties.

Howard M. Wilson died testate on July 6, 1971, while a resident of Indian River County. He was survived by his wife, Elnor H. Wilson, and his daughter by a previous marriage, Eleanor Hawes. At the time of his death, Mr. Wilson resided with his wife at the home which is the subject matter of this dispute. Mr. Wilson and his former wife, the mother of Mrs. Hawes, had originally obtained title to this home in 1951 as an estate by the entirety. The first

Mrs. Wilson died November 4, 1958, and title to the home passed by right of survivorship to Mr. Wilson.

On November 10, 1962, Mr. Wilson married the respondent, Elnor H. Wilson and thereafter they continually lived in the home as man and wife until his death. Title to the home was in Mr. Wilson's name alone at the time of his death. Mr. Wilson and his widow, the respondent herein, had no children as a result of their marriage. Mr. Wilson's only child by his previous marriage was Mrs. Hawes, the petitioner herein, who at the time of this hearing was 59 years old. There is no question that Mr. Wilson was the head of his household and that the property in question was his homestead. In his will, executed July 10, 1968, Mr. Wilson purported to devise this homestead property to his wife, Elnor H. Wilson, outright in fee simple.

During the course of the administration of the estate, Eleanor W. Hawes, in her capacity as executrix of this estate, petitioned the court for an order of partial distribution to Elnor H. Wilson, including distribution of the homestead property here in question. As a result of this petition, the former county judge of Indian River County entered an order of partial distribution dated February 14, 1972. Thereafter an executrix's deed from Eleanor W. Hawes, as executrix of the estate of Howard M. Wilson, to Elnor H .Wilson, a widow, was filed on May 8, 1972, in O. R. book 408, page 8, of the public records of Indian River County. In reference to this deed, Mrs. Hawes testified that at the time she was not aware of her rights under the homestead law and thought she had a legal duty as executrix to distribute the homeplace to her father's widow in accordance with the terms of his will.

Being in substantial agreement about the facts of this case, the parties disagree as to the legal consequences which result therefrom. The petitioner, Mrs. Hawes, argues that this was her father's homestead and since he died survived by his spouse under Art. 10, §4 (c) of the Florida Constitution the homestead was not subject to devise and descended under §731.27, Florida Statutes. The respondent, Mrs. Wilson, relying on In Re Estate of McGinty, Fla. 258 So.2d 450, argues that because Mr. Wilson had no minor children he was free to devise the subject property outright to her.

The relevant portion of Art. 10, §4 (c) of the Florida Constitution provides as follows —

> "The homestead shall not be subject to devise if the owner is survived by spouse *or* minor child." (Italics added.)

The factual situation in the *McGinty* case is distinguishable from the facts of this case. In *McGinty* the decedent had no surviving

spouse and there were no minor children. The Supreme Court held that the constitutional requirements of Art. 10, §4 (c) controlled and repealed the inconsistent provisions of Florida Statutes §731.05(1), and, therefore Mr. McGinty's devise of his residence to one of his four adult daughters was valid. It appears that the constitutional prohibition against devise of a homestead is applicable in either of two situations — first, if the owner is survived by spouse, or second, if the owner is survived by minor child. In the *McGinty* case neither of these conditions were met and the court held the prohibition against devise inapplicable, thereby allowing Mr. McGinty to devise his homestead to one of his four adult daughters. However, Mr. Wilson did have a surviving spouse, although he had no minor child. It follows then that the attempted devise of this homestead was contrary to the provisions of Art. 10, §4 (c) of the Florida Constitution and is ineffectual.

The court recognizes that this results in the widow receiving less than she would have received under the will if she had not been married to the deceased. If Mr. Wilson had not been married, then under the rationale of the *McGinty* case, since there was no minor child, Mr. Wilson could have devised the homestead to her or anyone else he chose. Such a result would not happen today under the 1972 amendment to the Florida Constitution which specifically provides that the homestead may be devised to the owner's spouse if there is no minor child. Mr. Wilson died prior to 1972 and the law as it existed at the time of his death controls.

This being the case, the order of partial distribution and the executrix's deed purporting to convey the subject property to Mrs. Wilson as provided in the will is also ineffectual. Mrs. Hawes signed this deed in her capacity as executrix of the estate without knowledge of her rights individually. Having now been advised she appears before the court in her individual capacity to claim her rights as a lineal descendant of Howard M. Wilson. She is not estopped to challenge the validity of the deed signed by her as executrix.

The petition of Eleanor W. Hawes, individually, is granted and the court hereby determines the following described real estate, to-wit —

> Lots 3 and 4, block 10, according to plat no. 3 of Royal Park Subdivision, as per plat recorded in plat book 4, page 88, of the public records of St. Lucie County, said subdivision located now in Indian River County, Florida.

to have been the homestead of Howard M. Wilson, deceased; and that upon his death said property descended as provided by Florida Statutes §731.27 to his surviving spouse, Elnor H. Wilson, for her life, with remainder in Eleanor W. Hawes, his daughter.

The order of partial distribution dated February 14, 1972, entered by the former county judge of Indian River County, as it refers to the above described homestead property, is hereby rescinded. The portions of said order which cover property other than the homestead shall remain in full force and effect.

The deed from Eleanor W. Hawes, as executrix of the estate of Howard M. Wilson to Elnor H. Wilson, a widow, as recorded in O. R. book 408, page 8, of the public records of Indian River County, purporting to convey said homestead property is found to be void and of no effect.