299 So.2d 5 (1974)
In re ESTATE OF James McCARTNEY, Petitioner.
No. 44678.
Supreme Court of Florida.
July 24, 1974.
John A. Gentry, III, West Palm Beach, for petitioner.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 283 So.2d 909. Our jurisdiction is based on conflict[1] between the decision sought to be reviewed and In Re Estate of McGinty.[2] Oral argument, having been granted, was waived.
The facts of the case are as follows.
On February 5, 1970, the decedent, James McCartney, died testate in Ft. Lauderdale. At the time of his death, he owned a residential dwelling, lot and personal property in Broward County; he is survived by his widow, Petitioner Augustine McCartney, and by his three adult daughters, Respondents herein. Respondents filed a petition for a determination of homestead status of the Ft. Lauderdale property. Item 3 of decedent's will provided:
"If my wife, AUGUSTINE McCARTNEY, survives me by a period of time of not less than thirty (30) days, then I give, devise and bequeath to my said Wife, Augustine McCartney, all of the real estate located at the street address of 1115 S.W. 5th Place, Fort Lauderdale, Florida, together with improvements thereon and all household goods and effects including furniture, fixtures, appliances, linens, silverware, chinaware and all other miscellaneous household items located in the residence at said address."
Respondents' petition prayed for a determination that the dwelling and lot were homestead, *6 were not subject to being devised absolutely and in fee simple to Petitioner, and that Item 3 would only permit a life estate in Petitioner with a vested remainder in them. In her answer, Petitioner denied that the property was homestead. On November 8, 1972, the County Judge's Court ruled, in effect, that Item 3 conflicted with Section 731.05, Florida Statutes,[3] and Article X, Section 4, Florida Constitution,[4] holding that Petitioner had only a life estate with a vested remainder in the Respondents. A direct appeal was taken to this Court, which transferred the cause to the District Court of Appeal, Fourth District; that court entered its decision affirming, per curiam, without opinion, the final order. It is from that decision that this petition for writ of certiorari has been brought.
Upon careful examination of the record, we are compelled to reverse the decision of the District Court for the following reasons.
This Court, in the McGinty case, supra, specifically held that, since "[t]he class of persons designated as `minor children' is substantially different from and inconsistent with `lineal descendants.' ... the requirements of Article X, § 4, of our present Constitution, adopted in 1968, controls and repeals the inconsistent provision of Florida Statutes, § 731.05(1)." In that case, McGinty, a widower, was survived by four adult children, and the devise of his residence to one of his daughters was held to be valid. We consider that case controlling in the present case. Since on the date of the order presently considered, the case law established the right of a decedent to devise homestead property to an adult child or children in the absence of a surviving spouse, we hold that the obverse is true and that, in the absence of a minor child, the decedent could devise homestead property to his surviving spouse.
Furthermore, we note that on November 7, 1972, the day before the trial court entered its order, the following amendment of Article X, Section 4(c), Florida Constitution, was ratified by Florida voters:
"The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law." (Emphasis supplied).
This amendment became effective pursuant to Article XI, Section 5(c), Florida Constitution,[5] and, in effect, affirmed the *7 result of McGinty, supra. This Court has consistently held that a case will be decided on the basis of the law prevailing at the time of appellate disposition and not according to the law prevailing at the time of the rendition of the judgment appealed.[6]
Therefore, in view of the foregoing, the decision of the District Court, Fourth District, is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, McCAIN and OVERTON, JJ., concur.
ADKINS, C.J., dissents.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution; Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] 258 So.2d 450 (Fla. 1972).
[3] "Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads."
[4] "The homestead shall not be subject to devise if the owner is survived by spouse or minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law." (Emphasis supplied.)
[5] "If the proposed amendment or revision is approved by vote of the electors, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the election... ."
[6] Florida East Coast Ry. Co. v. Rouse, 194 So.2d 260.