DAUKSCH, Judge.
This is a will contest case.
The essential facts are that Edward En-dres died on March 29, 1971 leaving a widow and two grandchildren. In his will he devised his homestead to his widow in violation of the 1968 Florida Constitution which was the controlling law at the time of the death of Mr. Endres. Article X, Section 4(c), Florida Constitution stated “the homestead shall not be subject to devise if the owner is survived by spouse or minor children.” Since the Constitution stated that the homestead was not subject to devise it passed by intestate succession. Since the property was homestead there were certain rights which vested in the grandchildren of the decedent simultaneously with the death of Mr. Endres which rights were a fee simple absolute ownership of the property subject to a life estate in the widow. This was provided by the then existing Section 731.27, Florida Statutes (1971) which effectively vested in the lineal descendants the title. No statutory re-enactment or constitutional change or amendment or decision of the court can change the fact that upon the death of Mr. Endres the property was vested in the lineal descendants subject only to a life estate in the widow. Unfortunately, this decision is in conflict with the decision of our Supreme Court, In Re: Estate of McCartney, 299 So.2d 5 (Fla.1974). We are ever mindful of the admonitions in Hoffman v. Jones, 280 So.2d 431 (Fla.1973) but we are compelled by our determination that the vested property rights cannot be divested as we mentioned above. The Order of the trial court determining the homestead property to be subject to devise is reversed and this cause is remanded for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
CROSS, J., concurs.
ALDERMAN, J., dissents, with opinion.