# IN RE: MERCER
### Case No. 88-4866-CP
Fifteenth Judicial Circuit, Palm Beach County
August 3, 1989

## APPEARANCES OF COUNSEL
**Robert H. Rex,** for petitioner/personal representative.

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER DETERMINING REAL PROPERTY NOT TO BE HOMESTEAD FOR THE PURPOSE OF SATISFYING CREDITORS CLAIMS*

Jacqueline Mercer, the personal representative in the above estate petitioned the court to determine as homestead the following described real property:

Lot 6, Block 3, SKY RANCH ESTATES, according to the Plat thereof, as recorded in Plat BOok 26, Page 94, Public Records of Pal Beach County, Florida.

A/K/A 116 S.E. 29th Avenue, Boynton Beach, Florida.

The deceased was not survived by a spouse, and her surviving lineal

103

descendants and their respective relationships to the decedent and dates of birth are as follows:

CARL DUKE MERCER Son 12/12/50

JACQUELINE MERCER Daughter 10/03/47

WILLIAM DAVENPORT MERCER Son 12/12/40

SALLY MERCER HEEREN Daughter 12/03/44

NANCY MARIA MERCER Daughter 11/26/52

THOMAS MERCER Son 12/05/55

The petitioner requests the court enter an order determining the above described real property constituted the homestead of the decedent, and upon her death it automatically descended to Jacqueline Mercer, pursuant to article five (V) A. of the decedent's last will and testament.

The last will and testament of Elsie Mercer provides in article one (I) that she was an umarried widow and had six (6) children tow it, Carl Duke Mercer, Jacqueline Mercer, William Davenport Mercer, Sally Mercer Heeren, Nancy Maria Mercer, Thomas Mercer. Article two (II) of her will directs that all valid claims timely filed against her estate, all expenses of her last illness, funeral expenses, costs of administration are to be paid out of the assets of her estate *"other than tangible personal property or other assets which may be exempt from creditors claims."* (emphasis supplied)

Article five (V) SPECIFIC BEQUESTS provides: "to the individuals listed below, I give the following:

A. To my daughter, JACQUELINE MERCER, my house located at 116 S.E. 29th Avenue, Boynton Beach, Florida subject to any debt on such property. Also to JACQUELINE MERCER, my 1985 Dodge Diplomat automobile. In the event that my daughter does not survive me, then this gift shall lapse and become part of my residuary estate."

Counsel's reliance upon the case of *In Re: Estate of McGinty,* 258 So.2d 450 (FL 1972) is misplaced; that decision was concerned solely with the issue of whether the homestead could be the subject of a valid devise. In the case at Bar there is no question that the real property under the factual scenario presented could be devised.

The issue presented to this court is, whether based upon the above undisputed facts, the homestead of the decedent lost its homestead protection against creditors, of which there are several, because of its specific devise, which devise is different from that provided in the

104

Florida statutes relating to decedent and distribution. *Public Health Trust of Dade COunty v Lopez,* 531 So.2d 946 (FL 1988).

The Florida Constitution Article X Section 4 provides as follows:

"(a) There shall be exempt from forced sale under process of any court and no judgment decree or execution, shall be a lien thereon . . . the following property owned by a natural person:

(1) A homestead . . .

(2) These exemptions shall enure to the surviving spouse or to heirs of the owner.

(3) The homestead shall not be subject to devise if the owner is survived by a spouse or a minor child . . . ."

A "homestead" is exempt from creditors immediately upon the death of the decedent, and does not become a part of the decedent's estate for administration purposes, unless the deceased in his last will and testament makes homestead property the subject of a devise, and such devise is not proscribed by the constitution.

The term "heirs" is defined by section 731.201(18) of the Florida Statutes as:

"Those persons, including the surviving spouse, *who are entitled under the statutes of intestate succession* to the property of a decedent." (emphasis supplied)

The decedent Elsie Mercer was not survived by a spouse and as a result her heirs are defined by Florida Statute 732.103:

Share of other heirs: The part of the intestate estate not passing to the surviving epouse under section 732.102, or the entire intestate estate, if there is no surviving spouse descends as follows:

(1) To the lineal descendent of the decedent.

(2) If there is no lineal decedent to the decedent's father and mother equally or to the survivor of them.

By way of statutory definition Jacqueline Mercer is not the only heir of the decedent, as there are five (5) other lineal descendents. The Supreme Court in its decision in *Public Health Trust of Dade County v Lopez,* 531 So.2d 946 (FL 1988) relied upon the language of the constitution and statutory provisions relating to the homestead exemption for the determination of "heirship." The Supreme Court preserved the exemption for any natural person, and that person's surviving spouse or heirs; defining heirs as that term is set forth in section 731.201(18) of the Florida Statutes (1985). In its decision, the Supreme Court stated:

105

"The homestead protection has never been based upon principals of equity . . . but always has been extended to the homesteader, and after his or her death, to the heirs, whether the homestead was a 22 room mansion or a 2 room hut, and whether the *heirs* were rich or poor." (emphasis supplied)

As Article X Section 4 of the Florida Constitution specifically provides for the devised of the homestead in limited factual situations, and the legislature has set forth clearly who is, and is not, "an heir" within the statutory scheme of the administration of estate, which was unknown at common law it is, based upon the foregoing:

Adjudged: The property described as:

Lot 6, BLock 3, SKY RANCH ESTATES, according to the Plat thereof, as recorded in Plat Book 26, Page 94, Public Records of Palm Beach County, Florida.

A/K/A 116 S.E. 29th Avenue, Boynton Beach, Florida.

Is no longer protected by the homestead provisions of the Florida Constitution exempting it from forced sale.

ORDERED August 3, 1989 at West Palm Beach, Palm Beach County, Florida.