NESBITT, Judge.
A decedent’s natural son claims error in the determination that the decedent could devise her homestead to her stepdaughter as well as her natural son and that, as such, the devised property was subject to the claims of creditors. We affirm.
The decedent, Monique J. Hill, died testate. Among her assets was a condominium which the trial court determined constituted a homestead. Her closest heir at law for the purpose of descent and distribution was her natural son, Steve Patrick Shehan. The decedent was also survived by a stepdaughter from a previous marriage, Janet Hill Cates. The decedent had never adopted Ms. Cates. Neither Ms. Cates nor Mr. Shehan was a minor. The decedent was not survived by a spouse. She devised a life estate of sole possession in the condominium to her stepdaughter. Whenever the condominium was sold, the proceeds of the sale were to be shared equally between the son and stepdaughter.
The natural son filed a petition to set aside the devise of the condominium. He claimed that it constituted a homestead within the meaning of Article X, section 4 of the Florida Constitution and sections 732.401(1) and 732.402(4), Florida Statutes (1987), and therefore a) it was not subject to devise, and b) it was not subject to the claims of creditors. The stepdaughter’s response was that since the decedent was neither survived by neither a spouse nor minor children, the property was subject to devise under the constitution and statutes cited. We agree with the stepdaughter. Article X, section 4(c) states:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child.
In In re McGinty’s Estate, 258 So.2d 450 (Fla.1971), a widower’s devise of his homestead to one of his four children was held valid where all the widower’s children were adults at the time of his death. Because Ms. Hill left neither a spouse nor minor children, her devise was likewise valid. The restraint on the right of an individual to devise his property at death should not be extended beyond that expressly allowed by the constitution. Id. at 451.
Second, as to the assertion that the property should be held exempt against the claims of creditors of the estate, a position now advocated by both parties, we agree with the trial court that the devised property is subject to the claims of creditors. There is a real and substantial difference between an “heir” and a “devisee.” Heirs, under section 731.201(18), Florida Statutes (1987), are those persons who are entitled under the statutes of intestate succession to the property of a decedent. Devisees, on the other hand, are those persons designated in a will to receive some real or personal property. This important distinction is recognized in Article X, sections 4(b) and (c) of the Florida Constitution and implementing statutes. See §§ 732.401; 732.-4015; 732.402, Fla.Stat. (1987).
Here, Ms. Cates and Mr. Shehan, as devi-sees, were not entitled to receive the property exempt against the claims of creditors of the estate. The decedent had a clear desire to favor her stepdaughter over her natural son in her plan of distribution. Obviously, the will by which the testatrix devised her homestead is a limitation on any rights that her son would have enjoyed as an heir. Additionally, but for the largesse of the decedent, the stepdaughter here would have received no part of her estate.[1]
We recognize that as of 1985, the homestead exemption is available to any “natural person.” Art. X, § 4(a), Fla. Const. Our supreme court in Public Health Trust v. Lopez, 531 So.2d 946 (Fla.1988) held that *1135 neither spouses nor heirs must be dependent before they can enjoy the benefits of the homestead exemption. We cannot, however, find support in either the above constitutional revision or Lopez for the proposition that the deceased is now precluded from devising her property when at the time of her expiration she leaves neither a spouse nor minor child.
Accordingly, we affirm the trial court’s decision.

. We acknowledge the stepdaughter’s claim that she is an alternative contingent heir under the laws of intestate succession, see § 732.103(5), Fla.Stat. (1987), but find that status has no effect in the present dispute.