POLEN, Judge.
Appellants bring this appeal from the trial court’s final order dismissing their complaint with prejudice. Appellants are the natural daughters and lineal descendants of Florence Etter Calhoun. Appel-lees are the natural daughters and lineal descendants of Hubert Earl Calhoun. Pri- or to 1967, while Florence and Hubert Calhoun were married, they purchased certain property in Indian River County, Florida, and executed wills bequeathing their respective estates to all five children and stepchildren, share and share alike. Florence Calhoun died in 1975, leaving a will that provided for all of her estate to be distributed to her children and stepchildren. An order of Administration Unnecessary was filed.
After Florence’s death, Hubert Calhoun married Rosemarie W. Calhoun. Hubert Calhoun died in 1977, less than two years after his remarriage, leaving his estate to his five children and stepchildren. The homestead property was not included in the probate estate due to Florida’s homestead law, Rosemarie having survived Hubert. Rosemarie received a life estate in the homestead and the remainder vested in the appellees, Hubert’s lineal descendants, pursuant to section 732.401(1), Florida Statutes. The appellees purchased the life estate from Rosemarie Calhoun on or about May 9, 1991, terminating the spouse’s life estate.
Appellants alleged in their complaint that it was inequitable and unconscionable that Hubert’s remarriage should cause the lineal descendants of Florence Calhoun not to share the real property that had been their home and that of their natural mother. They sought a declaration that appellees became constructive trustees upon the purchase of the life estate for all of the children and stepchildren named in the will, and asked the court to give credit to the appellees as joint owners of the property, for a proportionate share of the purchase price of the life estate. The complaint sought a declaration that section 732.-401(1), Florida Statutes, was “inoperable” as to the facts present in the instant case.
Section 732.401(1), Florida Statutes (1991), provides:
732.401 Descent of homestead.—
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent’s death.
Appellants argue that section 732.401(1) is unconstitutional as applied in this case, because appellants were disinherited in favor of Hubert Calhoun’s adult lineal descendants, even though these adult lineal descendants do not fall within the class of people the constitutional homestead exemption was intended to benefit (i.e., the spouse and minor children). Appellants argue that while section 732.401(1) properly protects the surviving spouse, the statute *600 improperly vests a remainder interest in lineal descendants.
We are unable to conclude that appellants’ argument lacks merit. Nevertheless, we are reluctant to agree with appellants’ assertion that once the surviving spouse is provided a life estate in homestead property, the state has no legitimate interest in vesting the remainder in adult lineal descendants.
If Hubert Calhoun did indeed intend to devise an interest in the subject property to his deceased wife’s children as well as his lineal descendants,[1] that intent was frustrated by section 732.401(1). In the instant case, the underlying purpose of the constitutional provision protecting homestead property from a decedent's creditors is not served by denying Hubert’s adult stepchildren a share in the remainder interest in the property.
We decline to hold section 732.401(1) unconstitutional, recognizing that the legislature is presumed to be aware of the plain meaning of the term “lineal descendants.” We will not substitute our judgment for that of the legislature, elected by the people to enact statutes. We do, however, certify the following question as one of great public importance:
WHETHER SECTION 732.401(1), FLORIDA STATUTES (1991), WHICH VESTS A REMAINDER INTEREST IN HOMESTEAD PROPERTY IN LINEAL DESCENDANTS, IS UNCONSTITUTIONAL WHEN APPLIED TO DEFEAT A TESTATOR'S INTENT TO DEVISE HOMESTEAD PROPERTY EQUALLY TO ADULT STEPCHILDREN AS WELL AS ADULT LINEAL DESCENDANTS? AFFIRMED.
DELL, C.J., and WALDEN, JAMES H., Senior Judge, concur.

. The trial court did not reach this issue, nor do we. We note, however, that at the time of their marriage, Rosemarie and Hubert Calhoun could have agreed that Rosemarie waive her right to homestead property, thus allowing the homestead property to pass by Hubert’s will. Section 732.702(1), Florida Statutes (1975). This was not done.