648 So.2d 666 (1994)
Shirley Neal KING, et al., Petitioners,
v.
Ola Dean T. ELLISON, Etc., et al., Respondents.
No. 82300.
Supreme Court of Florida.
November 3, 1994.
Rehearing Denied January 26, 1995.
*667 Mike Krasny of Krasny and Dettmer, P.A., Melbourne, for petitioner.
Charles R. Gardner and Bruce I. Wiener of Gardner, Shelfer, Duggar & Bist, P.A., Tallahassee, for respondents.
SHAW, Justice.
We have before us the following certified question:
WHETHER SECTION 732.401(1), FLORIDA STATUTES (1991), WHICH VESTS A REMAINDER INTEREST IN HOMESTEAD PROPERTY IN LINEAL DESCENDANTS, IS UNCONSTITUTIONAL WHEN APPLIED TO DEFEAT A TESTATOR'S INTENT TO DEVISE HOMESTEAD PROPERTY EQUALLY TO ADULT STEPCHILDREN AS WELL AS ADULT LINEAL DESCENDANTS?
King v. Ellison, 622 So.2d 598, 600 (Fla. 4th DCA 1993). We review the district court's decision pursuant to jurisdiction granted under article V, section 3(b)(4) of the Florida Constitution. We find that no conflict exists between section 732.401(1), Florida Statutes (1991), and article X, section 4(c) of the Florida Constitution that would render the statute unconstitutional. The decision of the court below is approved and the certified question is answered in the negative.
Prior to 1967, Florence and Hubert Calhoun, a married couple, purchased property in Indian River County. The couple's respective wills, executed in 1973, bequeathed their entire estates to each other. Hubert's will also provided that if he outlived Florence, his property would pass to his children and stepchildren, share and share alike. Florence's will contained a like provision. The petitioners are the adult lineal descendants of Florence and the stepchildren of Hubert; the respondents are the adult lineal descendants of Hubert and the stepchildren of Florence.
In 1975 Florence died. Hubert married Rosemarie, established homestead in the Indian River property, and within two years of the remarriage passed away. Hubert's will, unchanged from 1973, left his property to his children and stepchildren, share and share alike. However, since the Indian River property was his homestead, its descent was governed by section 732.401(1), Florida Statutes (1991), notwithstanding any provision in his will to the contrary. Pursuant to section 732.401(1), Rosemarie, as surviving spouse, received a life estate in the homestead and Hubert's lineal descendants received a vested remainder. Florence's children (petitioners) brought suit, alleging that section 732.401(1) is unconstitutional because it conflicts with article X, section 4(c) of the Florida Constitution, improperly vests a remainder interest in Hubert's adult lineal descendants, and imposes an improper restraint on the alienation of property. The trial court dismissed the complaint with prejudice. The district court affirmed the trial court's dismissal and certified the above question.
The fundamental issue underlying the certified question is whether conflict exists between section 732.401(1) and article X, section 4(c). Section 732.401(1), Florida Statutes (1991), reads:
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a *668 vested remainder to the lineal descendants in being at the time of the decedent's death.
Article X, section 4(c) of the Florida Constitution provides:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child.
We find that no conflict exists. Article X, section 4(c), places a restraint on the right to devise homestead, but is silent relative to how the property shall descend when the homestead is improperly devised. Section 732.401(1), however, speaks to this very issue and prescribes the manner in which homestead shall descend when it is not devised pursuant to Florida's laws or constitution. We presume that the legislature knows the meaning of the words employed in a statute and that the words properly express legislative intent. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). To this end, we find that in section 732.401(1) use of the words "[i]f not devised as permitted by law and the Florida Constitution" evidences a legislative intent to perfect an area of homestead devise left blank by our constitution, i.e., what happens when article X, section 4(c), or the laws of Florida are violated.
Our finding is supported by In re Estate of McGinty, 258 So.2d 450 (Fla. 1971), which addressed the constitutionality of section 731.05(1), Florida Statutes (1971). The section read:
Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads.
(Emphasis added.) When called upon to interpret this provision, we found that section 731.05(1) placed an unconstitutional restraint on the right to devise homestead property, and that article X, section 4(c) of the constitution controlled and repealed this inconsistent provision. Unlike McGinty, the challenged statute is not meant to be a restraint on the right to devise homestead property. The statute prescribes how property shall descend when not devised as permitted under Florida law or the constitution.[1]
Since Hubert died leaving a surviving spouse, his attempt to devise his homestead fails; therefore the homestead descends pursuant to section 732.401(1), i.e., the spouse takes a life estate and the lineal descendants take a vested remainder. The certified question is answered in the negative, and the decision of the court below is approved.
It is so ordered.
GRIMES, C.J., OVERTON and HARDING, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs specially with an opinion, in which HARDING, J., concurs.
KOGAN, Justice, specially concurring.
I concur with the majority's conclusion that section 732.401(1), Florida Statutes (1991), does not conflict with article X, section 4(c) of the Florida Constitution. I also agree that section 732.401(1) does not improperly restrain the right to devise homestead property. It is article X, section 4(c) and section 732.4015, which mirrors the constitutional provision, that restrict the right to devise a homestead. Section 732.401(1) is merely the legislative statement of how homestead property will descend if not devised as permitted by article X, section 4(c).
I write separately to point out that our opinion today should not be read to somehow *669 limit the application of section 732.401(1) to situations where there has been an attempt to devise homestead property in a manner other than that permitted by the constitution. Section 732.401(1) controls the descent of homestead property where the owner of the homestead dies intestate as well as where, as here, there has been an invalid attempt to devise the homestead.
HARDING, J., concurs.
NOTES
[1] We also distinguish the instant case from City National Bank v. Tescher, 578 So.2d 701 (Fla. 1991) (restraint on the right to devise the homestead should not be extended beyond what is expressly allowed in the Florida Constitution), and Shriners Hospitals for Crippled Children v. Zrillic, 563 So.2d 64 (Fla. 1990) (Mortmain statute is an unconstitutional restraint on the right to devise property). Both cases deal with the right to devise property and not how property shall descend when there is a faulty devise.