DAMOORGIAN, J.
 

 Bayview Loan Servicing, LLC (“Lender”) appeals an order deeming real property of Thomas F. Giblin (“Decedent”) to be homestead property which descended to decedent’s surviving spouse, Nivia Giblin, and his descendents. We affirm.
 
 See
 
 § 732.401(1) Fla. Stat. (2001);
 
 King v. Ellison,
 
 648 So.2d 666 (Fla.1994).
 

 Decedent and Nivia Giblin were married in 1959. They had a daughter together. In 1981 they separated but never divorced. In 2000, decedent purchased a piece of residential property in Broward County. Title to the property was placed in the decedent’s name. The wife and daughter lived in the home, but decedent never did. Decedent died in 2001.
 

 Decedent bequeathed his estate to his children and grandchildren. While probate was pending, the personal representative of the estate took out a mortgage on the property with the Lender. Later, the Lender brought a foreclosure action against the estate. The wife filed a petition to determine the homestead status of the property.
 

 After an evidentiary hearing, the trial court found that the property was decedent’s homestead within the meaning of article X, section 4 of the Florida Constitution. As such, the court ordered that “the title to the Property descended and the constitutional exemption from the claims of decedent’s creditors inured to the dece
 
 *1278
 
 dent’s surviving spouse, Nivia Giblin, as to a life estate, with a vested remainder in the descendents of the decedent in being at the time of the decedent’s death.” Lender appeals.
 

 Article X, section 4 of the Florida Constitution provides, in relevant part:
 

 (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property
 
 owned by a natural person:
 

 (1) a homestead, ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be
 
 limited to the residence of the owner or the owner’s family,
 

 [[Image here]]
 

 (b) These exemptions shall inure to the surviving spouse or heirs of the owner.
 

 (c)
 
 The homestead shall not be subject to devise if the owner is survived by spouse or minor child,
 
 except the homestead may be devised to the owner’s spouse if there be no minor child....
 

 (emphasis added).
 

 The language of article X, section 4 is clear and unambiguous. Here, decedent was a natural person who owned property occupied by his wife and child at the time of his death; thus, the property is homestead. Because decedent died leaving a spouse, the descent of his property is controlled by section 732.401(1), Florida Statutes (2001). As such, the wife is entitled to a life estate in the homestead with a vested remainder to the descendants. § 732.401(1), Fla. Stat.
 
 [1]
 

 We note that we have decided only that the property in question was the decedent’s homestead, title to which should pass accordingly. The Lender is free to pursue any available cause of action not inconsistent with this determination.
 

 Affirmed.
 

 GROSS, C.J., and POLEN, J., concur.
 

 [1]
 

 . § 732.401(1) provides:
 

 If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and one or more descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the descendants in being at the time of the decedent's death per stippes.