557 So.2d 615 (1990)
CITY NATIONAL BANK OF FLORIDA and Elda Santeiro-Martinez, As Co-Guardians of the Property of Elena Aleman, Incompetent, and Elda Santeiro-Martinez, Appellants,
v.
Donald R. TESCHER, Guardian Ad Litem, Nicholas M. Daniels, Coconut Grove Bank and Luis Soublette, As Co-Personal Representatives of the Estate of Elena Santeiro-Soublette, Deceased, Luis Soublette, Individually, Jorge Luis Romanach, Elda Maria Romanach, Juan Jose Romanach, and Alejandro Romanach, Appellees.
No. 89-1830.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied March 30, 1990.
*616 Mallory H. Horton, Vega and Perez, Coral Gables, for appellants.
Gladys R. Navarro, Miami, for appellees.
Before BASKIN, LEVY and GERSTEN, JJ.
LEVY, Judge.
This case involves the issue of whether certain homestead property owned by decedent Elena Santeiro-Soublette was subject to devise. The decedent was survived by her husband, two adult children, and four adult grandchildren. The decedent's spouse had executed an antenuptial agreement prior to the marriage renouncing all rights in the decedent's estate, including homestead rights.[1]
The decedent's will did not contain a specific devise of the property, and the decedent's personal representative petitioned the probate court for approval to sell the property. The probate court entered an order authorizing the sale and the personal representative, in an attempt to clear title to the property, filed a petition to determine homestead. The probate court found that the property did constitute homestead, as defined by the Florida Constitution, and thus was subject to the prohibition against devise of homestead property where a decedent is survived by a spouse or a minor child. However, because of the antenuptial agreement, wherein the decedent's spouse waived his rights to the property, the probate court held that the husband was deemed to have predeceased the decedent. Thus, because the decedent's children were not minors and her spouse was deemed to have predeceased her, the property was held to be subject to devise. Since the decedent had not specifically devised the homestead, the residuary clause of the will governed its disposition. The probate court refused to set aside the order authorizing the sale of the property and the decedent's two children and City National Bank of Florida appeal. We affirm.
Article X, section 4(c) of the Florida Constitution and Section 732.4015, Florida Statutes (1987), prohibit the devise of homestead property where the decedent is survived by a spouse or minor child.[2] Here, it is undisputed that the decedent was not survived by minor or dependent children. And, although the decedent's husband was physically alive at the time of decedent's death, the valid antenuptial agreement which he signed is the legal equivalent of his having predeceased the decedent. Legally, therefore, the decedent *617 was not survived by a spouse. See Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA), review denied, 440 So.2d 352 (Fla. 1983).
Because the decedent was not survived by a spouse or a minor child, she was free to devise the homestead without restriction. See In re McGinty's Estate, 258 So.2d 450 (Fla. 1971); In re Estate of Hill, 552 So.2d 1133 (Fla. 3d DCA 1989). In the absence of a specific devise of the homestead property, it passed through the residuary clause of the decedent's will.
Accordingly, the trial court was eminently correct in deciding not to set aside the order authorizing the sale of the property.
Affirmed.
NOTES
[1] The validity of the antenuptial agreement signed by the decedent and the decedent's spouse has not been challenged. The antenuptial agreement specifically provided that:

The parties hereto do hereby, each to the other surrender, renounce and release all and every of their rights, interest, dower, homestead, and curtesy in and to the estate and property of the other, in whatever form or manner identified for all times during and after the termination of this contemplated marriage by death or otherwise ...
[2] Article X, Section 4(c) provides:

(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Section 732.4015, Florida Statutes (1987) provides:
Devise of homestead.  As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child.