FERGUSON, Judge.
The main question presented is whether a co-trustee/bank, which relinquishes trust property to the agent of the co-trustee/beneficiary on the strength of a familial relationship and prior course of dealings between the agent and trustee/beneficiary, may' still be liable for the agent’s conversion of the trust property where it is not discovered until after the loss that the agent had actual authority to manage the trust property by virtue of a recorded general power of attorney.
Mrs. St. Gaudens, the appellant, is an eighty-six-year-old widow living in Dade County. Thirty-three years ago her father, William Parry, opened a custodian account for her at First National Bank of Miami (now Southeast Bank), authorizing the bank to hold and dispose of assets in the account “subject at all times tq.[St. Gau-dens’s] instructions.” Members of the Parry family and employees of the Parry busi *1260 ness firm managed the account, consisting of stocks and bonds, for Mrs. St. Gaudens.
In 1970, St. Gaudens instructed Southeast to send all mail in connection with the custodian account to her, in care of R.J. Godby, a Parry employee, at the Parry business office. In 1975, she confirmed, with the bank, the authority of Godby, and another Parry employee, Frank Cagle, to act on her behalf with respect to the custodian account.
In 1976, St. Gaudens’s niece, Pamela Parry, graduated from business school and took over the account monitoring duties that Godby and Cagle had been performing. St. Gaudens and Geraldine Parry, Pamela’s mother, agreed to pay Pamela fifty dollars per week in compensation. St. Gaudens did" not cancel or alter her instructions to send all mail respecting investments in the custodian account to the office. As Godby and Cagle had done, Pamela prepared numerous letters to Southeast Bank for St. Gaudens’s signature; communicated with the bank; reviewed mail regarding the account; delivered mail to St. Gaudens, and made recommendations to St. Gaudens respecting the custodian account.
Later in'1976, St. Gaudens instructed the Bank to send all mail in connection with the custodian account to Margaret Parry St. Gaudens, in care of Pamela Parry, Boca Raton, Florida. Another document authorized Southeast Bank to “remit income check to MPS, Inc., c/o Parry, Inc., 309 South County Road, Palm Beach, Florida ... attention: Pamela Parry Elebash.” St. Gaudens also confirmed in writing a telephone call from Pamela instructing the Bank to invest funds from the custodian account in a money market portfolio.
On St. Gaudens’s instructions, her attorney prepared a general power of attorney in April 1983, granting Pamela “full power and authority to do and perform all and every act and thing whatsoever”^ with respect to the custodian account.[1] The power was executed on April 14, 1983 and was recorded in the public records of Dade County. Southeast Bank admits that it was not aware of the broad power of attorney prior to the commencement of this litigation.
In September 1983, Pamela drafted a letter, signed by Mrs. St. Gaudens, directing Southeast to close the custodian account and forward all securities and assets to St. Gaudens’s account at a brokerage house in Palm Beach. A day after the bank received the letter, Pamela called Southeast and directed it to send certain bearer bonds to St. Gaudens, in care of Pamela Parry, at 204 Brazilian Avenue. She further instructed the bank that other securities, including additional bearer bonds, were still to go to the brokerage house. St. Gaudens learned of Pamela’s removal and custody of the property within weeks but did not protest or take any action for four years. She then sued Pamela and the bank. This appeal is brought from a summary judgment entered for Southeast Bank.
Mrs. St. Gaudens makes three arguments: (1) the scope of Pamela’s authority is a question of fact, (2) Southeast Bank cannot rely, for its actions, on a power of attorney it never knew existed, and (3) Mrs. St. Gaudens did not ratify Parry’s acts. We affirm the summary judgment on settled legal principles.
A written power of attorney is a contract to be interpreted as a matter of law. Johnson v. Fraccacreta, 348 So.2d 570 (Fla. 4th DCA 1977). The agency-creating provisions of such instruments are construed by the court unless they are ambiguous and depend upon conflicting extrinsic evidence. 3 Am.Jur.2d., Agency, *1261 § 373 (1986). The broad and unambiguous language defining Pamela’s power to act for the principal, in this ease, leaves no issue of fact as to the agent’s authority.
We agree with the bank that it is irrelevant whether Southeast relied on, or even knew about, the existence of the power. Authority for the point is the Restatement (Second) of Agency, section 8 Comment (a) (1958):
[O]ne who is authorized to act for the principal makes the latter a party to the transaction whether or not the third person believes the agent to be authorized or is even aware of the existence of the principal ...
Comment (e) to section 144 of the same treatise states:
The principal is subject to liability upon an authorized contract although the otfe er party does not know that the agent is authorized, or even though the other party believes that the agent is not authorized.
Reliance by the third party is a relevant consideration only in cases of apparent authority, not actual authority, where the party seeks to prevail on estoppel principles.
A bank, as co-trustee of a custodian account, has no duty to protect a competent co-trustee who is the sole beneficiary of the trust. See Florida Nat’l Bank of Palm Beach County v. Genova, 460 So.2d 895 (Fla.1984) (competent co-trustee who is sole beneficiary has absolute right to revoke trust); Brent v. Smathers, 547 So.2d 683 (Fla. 3d DCA 1989) (trustee-beneficiary is not justified in shifting to co-trustee functions related to administration of the trust).
Summary judgment for the bank is affirmed.

. The document provided:
KNOW ALL MEN by these presents that MARGARET PARRY ST. GAUDENS ... [does] make, constitute and appoint PAMELA PARRY ELEBASH true and lawful attorney for her in her name, place and stead, giving and granting unto PAMELA PARRY ELE-BASH said attorney full power and authority to do and perform all of every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as she might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said PAMELA PARRY ELEBASH said attorney or her substitute shall lawfully do or cause to be done by virtue thereof.