564 So.2d 634 (1990)
Lewis E. WADSWORTH, III, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, et al., Appellees.
No. 89-272.
District Court of Appeal of Florida, Fifth District.
August 2, 1990.
Jason G. Reynolds of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, P.A., Daytona Beach, for appellant.
William S. Belcher of Belcher & Fleece, P.A., St. Petersburg, and Hamilton D. Upchurch of Upchurch, Bailey & Upchurch, P.A., St. Augustine, for appellees.

ON MOTION FOR REHEARING EN BANC
DAUKSCH, Judge.
We withdraw our prior opinion in this case and issue this opinion in its stead.
*635 This is an appeal from an order in a probate case which determined that the decedent's domicile at death did not pass as homestead property. We affirm.
Article X, section 4(c), Florida Constitution provides:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Additionally sections 732.401 and 732.4015, Florida Statutes (1987) provide statutory support for the above constitutional provision.
732.401 Descent of homestead. 
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death.
(2) If the decedent was domiciled in Florida and resided on real property that the decedent and the surviving spouse owned as tenants by the entirety, the real property shall not be homestead property.
732.4015 Devise of homestead.  As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child.
The pertinent facts are that the decedent, Lewis E. Wadsworth, II, married Sonia M. Wadsworth after entering into an antenuptial agreement. Lewis and Sonia agreed that Sonia would receive no homestead rights in the subject property. She waived her constitutional homestead rights.
After the will was admitted to probate the two adult children (there were no minor children) sought to have the court set aside the property as homestead so they could take it as lineal descendants and so that it did not pass under the residuary clause in the will. They argue that because decedent was survived by a spouse that the constitution forbids the devise of homestead property and thus the will cannot devise the property. Because there was no specific devise of the property, it would fall into the residuary clause and go to the named residuary devisees.
Appellees, the personal representatives of the estate, argue that because the widow had relinquished her homestead rights and because there were no minor children that the property does not pass as homestead under the constitution or the cited statutes. They argue that the waiver of rights was the legal equivalent of the prior death of the wife and cite Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983). The court in Hulsh said the waiver was the "functional equivalent of death" of the wife. Thus, because there was no surviving wife or minor children the property properly went under the will.
Because section 732.401, above set out, defines how homestead property descends, the appellants have an interest to have the property pass as homestead. They are the first lineal descendants and receive the fee interest in the property after the widow's life estate.
Section 732.702(1), Florida Statutes[1] permits a surviving spouse to waive her homestead *636 rights, if done in writing, either before or after marriage. No constitutional or other attack has been made against this statute and we can determine no reason to not apply it here. When Sonia waived her homestead rights she did so for all purposes and no one can claim a right through her.
Appellants urge that section 732.401 somehow vests some rights in them. We disagree. It is the constitution which primarily controls here and Article X, section 4(c) is designed to protect two classes of persons only: surviving spouses and minor children. Appellants are neither of these, they are adult children. In In Re Estate of McGinty, 258 So.2d 450 (Fla. 1971) it was held by our supreme court that "The class of persons designated as `minor children' is substantially different from and inconsistent with, `lineal descendants.'" [emphasis supplied].
Because the statute permits the surviving spouse to waive her constitutional right, and she did so, it was waived. Estate of De Garcia v. Garcia, 399 So.2d 486 (Fla. 3d DCA 1981). When decedent died with no one there to assert a homestead right the property could pass by devise and it did under the residuary clause of the will. See also City National Bank of Florida v. Tascher, 557 So.2d 615 (Fla. 3d DCA 1990).
We certify the following question of great public importance to the Supreme Court of Florida:
CAN A SPOUSE WAIVE HER RIGHTS TO HOMESTEAD PROPERTY SO AS TO PERMIT DEVISE BY THE OWNER OF THE HOMESTEAD PROPERTY?
AFFIRMED.
DANIEL, C.J., and COBB, HARRIS and GRIFFIN, JJ., concur.
COWART, J., dissents with opinion in which GOSHORN, and PETERSON, JJ., concur. W. SHARP, J., did not participate.
COWART, Judge, dissenting.
Article X, Section 4(c) of the Florida Constitution provides in part:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child... .
The question in this case is: if the homestead owner has no minor children and his surviving spouse executes a valid antenuptial agreement waiving all of her rights in and to the homestead property, does this constitutional provision still apply to prohibit a valid devise of the homestead to one other than his spouse? The answer should be "yes." A common sense reading of the plain and ordinary meaning of the language to effectuate the intent of the framers is that the homesteader cannot devise the homestead if he is survived by a minor child or a spouse. To hold otherwise is to assume that the framers of this constitutional provision did not understand that if the owner is prohibited from devising the homestead, it will pass as the legislature may provide by statute.
In this case, the owner did not have a minor child but he did have a spouse who, by antenuptial agreement, waived her interest in the homestead property. The constitution does not state that the homestead is not subject to devise if the owner is survived by a spouse who has not waived her rights or by minor child, a concept easy enough to state if intended. Neither does the constitution state or imply the converse  that the homestead is subject to devise if the owner is survived by a spouse who has waived her rights in the homestead property. A surviving spouse is a surviving spouse without regard to whether *637 she has, or has not, waived her rights in the homestead property.
The result of Article X, section 4(c) is that if the owner is survived by a minor child, or if the owner has no minor child but has a surviving spouse and the homestead is not devised to the surviving spouse, the homestead property cannot be devised to anyone and it descends as provided by the legislature by statute. The legislature understands this constitutional provision to authorize it to decide how the homestead should pass in this event and by section 732.401(1), Florida Statutes, has specifically provided that "the homestead shall descend in the same manner as other intestate property ... but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants ... ." Under the present statute, the exemption and the property descends to minor and adult heirs, as lineal descendants of the homestead owner, in precisely the same manner. There is nothing illegal or immoral or unconstitutional about the legislature providing that, as to their ancestor's homeplace, the ancestor's lineal descendants will be treated equally whether they are, or are not, of majority age. Under this statute, the children (perhaps minor children) of a deceased child of a homesteader would likewise inherit a deceased adult child's share of the ancestor's homeplace but not under the majority opinion.
While the majority opinion purports to only hold that the constitution "primarily controls" rather than section 732.401(1), Florida Statutes, the real but latent effect is to not only hold that the statute is unconstitutional, but to hold that the legislature cannot constitutionally provide for the descent of the homestead other than to the surviving spouse and minor children.
The constitution does not provide that in the event the owner cannot, under the constitution, devise his homestead the legislature must provide that the homestead can only be inherited by the spouse and minor children. By reading this limitation into the constitution, the majority opinion is using the judicial power to interpret the constitution in a manner that usurps the legislative power to provide for the inheritance of homestead property as the legislature sees fit and is thereby violating Article II, section 3 of the Florida Constitution, which prohibits any branch of government from exercising any power appertaining to another branch of government.
Under prior Florida constitutional homestead provisions,[1] it has been long recognized that, whatever may be argued to have been the constitutional "intent," the effect was to cause all of the lineal descendants of the owner of the homestead to have a right and interest in the homestead real estate exemptions that were secured by the constitution and that, neither by inter vivos deed nor by testamentary disposition, could the owner alienate the homestead and defeat the rights of his lineal descendants except in strict accordance with a literal reading of the exceptions permitted by the constitution. Under the present constitutional homestead provisions and the present statute, this is still the effect and result.
It is of the very essence of this dissent that, as recognized in In re Estate of McGinty, 258 So.2d 450 (Fla. 1971) and In re Estate of McCartney, 299 So.2d 5 (Fla. 1974), there is a significant difference between the terms "lineal descendants" and "minor children" and that the legislature knows this difference and when the legislature provided in section 732.401(1), Florida Statutes, that the homestead shall descend to the spouse and "lineal descendants," the legislature meant "lineal descendants" and not minor children. It is the majority opinion that assumes that the legislature does not understand that lineal descendants and heirs of the homesteader include "adult" children as well as "minor" children, all of whom under the present statute, section 732.401(1), Florida Statutes, inherit an interest *638 in the homestead. More importantly, if the constitution itself provides, as the majority opinion implies, that, in the event the homesteader is survived by spouse or minor children, they alone receive the homestead, or, alternatively, if the constitution mandates that the legislature must provide for the spouse and minor children only to receive the whole title to the homestead then the present statute providing that in such event the homestead goes to the surviving spouse for life with remainder to the homesteader's lineal descendants (which term includes both minor and adult children and others) must be held to be unconstitutional.
The majority opinion states that Article X, Section 4(c) was "designed to protect two classes of persons only: surviving spouses and minor children." If that were the intent of the framers, the constitution would merely provide that if the homestead owner is survived by spouse or minor children, they, and only they, inherit the homestead. The constitution does not so provide. In fact nowhere does the constitution provide that either a surviving spouse or minor children must receive an interest in the homestead. Upon the death of the owner, the title to homestead property, like all other property, can pass in only two ways:[2] by devise by will or by inheritance as provided by statute. When property is devised, the owner makes the decision as to who acquires it; when property passes by intestate succession, the legislature makes the decision. As revealed by the way it is worded and its effect, the true intent of Article X, section 4(c) is that, in the event the homestead owner is survived by spouse or minor child, the title to homestead property will pass as intended and provided by the legislature by statute rather than as intended and provided by the homesteader by will. The specific intent of the original framers of this constitutional limitation on the constitutional right[3] of the owner to devise his homestead was that if the homesteader was survived by a spouse or minor children the legislature acting by statute in the general public interest should direct to whom, and in what interests, the title to homestead property should pass, rather than permitting that decision to be made by the specific homesteader as to his specific homestead. This is plan, clear and simple enough.[4]
The next question is what is the intent of the legislature as to this proposition. By section 732.401(1) and section 732.4015, Florida Statutes, the legislature has clearly answered that question by providing for the homestead to descend to the homesteader's spouse, if any, for life, and to the homesteader's "lineal descendents" rather than to the homesteader's "minor children." Completely consistent with the constitution, the legislature can at any time by statute provide, as could the constitution, that if the homesteader is survived by spouse or minor children, they alone inherit the homestead. The present statute does not so provide and this court should not disregard the plain language of the constitution and the statutes and substitute its preference for that of the people who adopted the constitution and elected the legislature for the purpose of exercising the legislative function and making public policy by enacting statutes, such as section 732.401(1), Florida Statutes. Judicial action in so doing is correctly condemned by all those who object to the judiciary establishing social and political policy in the guise of finding ambiguity in constitutional provisions and legislative enactments and then construing plain language to achieve a *639 result the judiciary prefers over that which the constitution and statutes provide. Stating that an antenuptial agreement waiving homestead rights is the "functional equivalent of death" is but legal sophistry to reach a judicially preferred result.
Courts should not assume that the constitution was intentionally written so as to obscure its meaning from all but those specially trained to read, construe, interpret and explain it. It was written to be read and understood by all literate citizens. Neither should the reader of the constitution assume that the reader understands the meaning and effect of the writing better than the writer was able to write and express its true meaning and effect. The constitution should be read with the sense that appears on its surface, not that one thing is stated but another meant, but that the very thing is meant which is stated and that the sense is literal, not figurative nor hidden. With good reason much of the public believes that the legal profession is so accustomed to "construing" vague, difficult and obtuse language that, in the habitual attempt to fathom or deduct some subtle intent, meaning or purpose, the profession seems to have lost the ability to understand or believe that a plainly written statement may have been truly intended to, and does, mean exactly what it states  no more and no less.
A spouse has, and should have, the right to waive her rights but neither under the constitution nor statute does she have the right or the authority to "waive" the rights of the homesteader's lineal descendants, nor by her acts to change the effect of the constitution or the statute of descent and distribution so as to defeat the constitutional and statutory hereditary rights of the homesteader's lineal descendants. In this case, although the spouse executed an antenuptial agreement and waived her life estate in her husband's homestead, the homesteader was nevertheless survived by a spouse and, under the constitution, the result is that the homesteader could not devise his homestead, and his attempt to do so was invalid. At his death under section 732.401(1), Florida Statutes, the homesteader's homestead property passed to his lineal descendants who inherited it as homestead. This statute is a valid exercise of the legislative policy making power enacted pursuant to the constitutional prohibition of a devise of the homestead. The statute should be upheld and effectuated, not circumvented, by the court. The trial court's order upholding the devise of the homestead to persons other than the homesteader's lineal descendants should be reversed.[5]
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] (1) The right of election of a surviving spouse, the rights of the surviving spouse as intestate successor or as a pretermitted spouse, and the rights of the surviving spouse to homestead, exempt property, and family allowance, or any of them, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party. Unless it provides to the contrary, a waiver of `all rights,' or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of, separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead property, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits that would otherwise pass to either from the other by intestate succession or by the provisions of any will executed before the waiver or property settlement.
[1] For the consideration of this point under prior constitutional homestead provisions, see Cumberland & Liberty Mills v. Keggin, 139 Fla. 133, 190 So. 492 (1939); Church v. Lee, 102 Fla. 478, 136 So. 242 (1931); Miller v. Finegan, 26 Fla. 29, 7 So. 140 (1890).
[2] Disregarding in this case, the possibility of undevised property of one dying without heirs passing to the state by the doctrine of escheat (section 732.107(1), Florida Statute), or ultimate heir.
[3] This is a brand new constitutional right. See Shriners' Hospitals for Crippled Children v. Zrillic, 563 So.2d 64 (Fla. 1990).
[4] This does not mean that either the constitutional prohibition against devise or the present statutory provisions for the descent of homestead are not in need of reform, see Article: An Update on the Legal Chameleon: Florida's Homestead Exemption and Restrictions, 40 University of Florida Law Review, 919, 945 (1988). However, such reform should come by constitutional and statutory amendment and through the legislative process and not by the courts.
[5] Since the original opinion in this case (now withdrawn by an en banc majority) the Third District Court of Appeal has held, consistent with the en banc majority opinion, that when the homesteader's spouse signs a valid antenuptial agreement and dies without minor children, the homesteader can devise the homestead away from his lineal descendants. See City National Bank of Florida v. Tescher, 557 So.2d 615 (Fla. 3d DCA 1990).