We have for review City National Bank v. Tescher, 557 So.2d 615
(Fla. 3d DCA 1990), in which the Third District Court of Appeal construed article X, section 4 of the Florida Constitution as approving the authority of a decedent to devise homestead property when survived by adult children and a spouse who has waived homestead rights. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
This case involves the applicability of article X, section 4(c) of the Florida Constitution[1] to the devise of homestead[2]
property when the owner is survived by adult children and a spouse who has waived rights in homestead property in an antenuptial agreement.
Decedent Elena Santiero-Soublette lived with her husband Luis Soublette in a home which she owned. Prior to marriage, Luis Soublette executed an antenuptial agreement renouncing his rights in the estate of the decedent, including his homestead rights.[3] The decedent was survived by her husband, two adult children, and four adult grandchildren.
On the petition of Coconut Grove Bank and Luis Soublette as the co-personal representatives of the estate, the Dade County Circuit Court entered an order authorizing the sale of the property. The decedent's daughter Elda Santiero-Martinez sought to have the order of sale set aside.
In order to clear title to the property, and at the request of the purchasers, the personal representatives filed a Petition to Determine Homestead in Real Property. The personal representatives asserted that even if the property were homestead it was subject to devise because the decedent's spouse was deemed to have predeceased her through the execution of the antenuptial agreement, and the decedent was not survived by minor children. In connection with this petition, the trial court appointed *Page 703 
Donald Tescher guardian ad litem for the estate.
The court determined the property to be homestead property, as defined in the Florida Constitution, and also determined that the homestead was subject to devise. The court stated that the prohibition on the devise of homestead in article X, section 4(c) did not apply in this case because the decedent was not survived by minor children and, by virtue of the valid antenuptial agreement, a surviving spouse. There being no specific devise of property in the decedent's will, the court concluded that the residuary clause governed the disposition of the property. Accordingly, the trial court refused to set aside the order authorizing sale of the property.
City National Bank, as co-guardian of the property of decedent's daughter Elena Aleman, and Elda Santiero-Martinez, both in her individual capacity and as co-guardian, appealed the trial court's ruling. On appeal, the Third District Court of Appeal affirmed the trial court's decision and denied rehearing.
Petitioner City National Bank contends that the Third District Court was correct in ruling that the property was homestead property, but erred in holding that the decedent was not survived by a spouse. Petitioner asserts that because the decedent was in fact survived by her husband the devise of the homestead was prohibited by article X, section 4(c), and because the spouse waived his interest in the homestead property, the property passed to the decedent's lineal descendants, the two adult children.
We hold that when a decedent is survived by no minor children and the surviving spouse has waived homestead rights, there is no constitutional restriction on devising homestead property.
Historically, the purpose of the homestead provision was to protect the family. See generally Barlow v. Barlow, 156 Fla. 458, 23 So.2d 723 (1945). The constitutional provision prohibiting devise of the homestead property if the owner is survived by a spouse or minor child reflects this same concern for protection of the family. See In re Estate of Scholtz, 543 So.2d 219, 222 (Fla. 1989) (Ehrlich, C.J., dissenting). Accordingly, "[a]rticle X, section 4(c) is designed to protect two classes of persons only: surviving spouses and minor children. [Petitioners] are neither of these, they are adult children." Wadsworth v. First Union Nat'l Bank, 564 So.2d 634, 636 (Fla. 5th DCA 1990). Moreover, the restraint on the right of an individual to devise property at death should not be extended beyond that expressly allowed by the constitution. In re Estateof McGinty, 258 So.2d 450 (Fla. 1971). Thus, only the decedent's husband falls within the class which the constitution intended to protect, and only the husband was entitled to the protection of article X, section 4(c).
Although the decedent's husband was physically alive at the time of her death, he had waived all rights to homestead through the antenuptial agreement which he executed. Such a waiver is valid under Florida law. See section 732.702(1), Florida Statutes (1975); Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA),review denied, 440 So.2d 352 (Fla. 1983). The spouse's antenuptial waiver of rights in the homestead is the legal equivalent of predeceasing the decedent, for purposes of article X, section 4(c). Thus, decedent died with no one entitled to the protection of article X, section 4(c), and the property could pass by devise under the residuary clause of the will.
Accordingly, we approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
[1] Article X, section 4(c) provides in pertinent part:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child.
[2] Under article X, section 4 of the Florida Constitution, a homestead located within a municipality consists of no more than one-half acre of contiguous land owned by a natural person and constituting the residence of the owner or his family.
[3] The validity of the antenuptial agreement signed by the decedent and the decedent's spouse has not been challenged. The antenuptial agreement provided that:
The parties hereto do hereby, each to the other, surrender, renounce and release all and every of their rights, interest, dower, homestead and curtesy in and to the estate and property of the other, in whatsoever form or manner identified, for all times, during and after the termination of this contemplated marriage by death or otherwise. . . . *Page 704