ALTENBERND, Judge.
The narrow issue in this case is whether a personal representative may contest the decedent’s prior transfer of homestead property into a revocable trust when, at all relevant times, the decedent was a competent adult and had no spouse or minor children. We hold that when there is no family member with standing to raise the homestead issue, the personal representative cannot challenge the transfer on that basis.
On April 2, 1986, Ms. Burtrez J. Morrow executed a will and a revocable trust agreement. She transferred her home in St. Petersburg, Florida, to the revocable trust. At that time, Ms. Morrow was over eighty years old. Her husband was deceased and she had no minor children. Under the terms of the trust, her adult stepson received a life tenancy in the home upon her death. Thereafter, the trustee was instructed to use the assets and income of the trust to provide college loans to needy students, primarily to female orphans.
Ms. Morrow died on May 11, 1988. Thereafter, her personal representative and her trustee petitioned the probate court to determine whether the house was estate property or trust property. It is unclear from our record why the personal representative and the trustee believed this petition was necessary.[1]
In resolving the petition, the probate court correctly determined that the house was Florida homestead property at the time of its transfer. The probate court further reasoned that Ms. Morrow was allowed to alienate the homestead in 1986 only by “mortgage, sale or gift” under article X, section 4(c), of the Florida Constitution.[2] Because it determined that the transfer to trust was not a mortgage, sale or gift, the probate court decided the transfer was not an alienation of the property permitted by the Florida Constitution. It invalidated the conveyance and returned the property to the estate.
The trustee presents two arguments. First, he argues that the transfer was permissible because Ms. Morrow did not have a husband or a minor child at the time of the transfer. Second, he argues that a transfer to trust under these circumstances constitutes a gift, and thus a permissible alienation for purposes of this constitutional provision. We do not reach the second issue because the case can be resolved on the first.
The general purpose of the homestead provision in the Florida Constitution, at least historically, has been to protect the family and the family home. City Nat’l Bank of Florida v. Tescher, 578 So.2d 701 (Fla.1991); In re Noble’s Estate, 73 So.2d 873 (Fla.1954); Tullis v. Tullis, 360 So.2d 375 (Fla.1978); Vandiver v. Vincent, 139 So.2d 704 (Fla. 2d DCA 1962); In re Hersch, 23 B.R. 42 (Bankr.M.D.Fla.1982). “Accordingly, ‘[a]rticle X, section 4(c) is designed to protect two classes of persons only: surviving spouses and minor children.’ ” Tescher, 578 So.2d at 703, citing Wadsworth v. First Union Nat’l Bank, 564 So.2d 634 (Fla. 5th DCA 1990). See also Hartwell v. Blasingame, 564 So.2d 543 (Fla. 2d DCA1990), approved, 584 So.2d 6 (Fla.1991) (adult child could not *82 seek protection of constitutional homestead provision because she was not in the class of persons which the provision was intended to protect; thus, devise of home through will was valid).
In the context of this case, the homestead provision fulfills no purpose. At the time of this transfer and at all times thereafter, Ms. Morrow had no family member entitled to homestead protection. The personal representative had no beneficiary that he needed to protect with this petition. The personal representative has no justification to invoke subsection 4(c) for the protection of either creditors of the estate or heirs who are not surviving spouses or minor children. See Hartwell, 564 So.2d at 546 n. 5. It may be that a personal representative will occasionally need to obtain a court order expressly approving such a transfer in order to establish a clear title to the property. The personal representative, however, has no basis to contest the validity of such a transfer under homestead when there are no surviving members of the two protected classes.
We reverse the probate court’s order and remand for an order declaring the home to be an asset of the trust.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.

. Except for a few specific bequests, the residue of Ms. Morrow’s estate goes into the trust. We suspect that the petition was filed to benefit creditors of the estate because the estate’s limited assets have proven insufficient to pay the creditors. From this court’s perspective, it is not important to understand the reason the petition was filed, except perhaps to note that the petition does not allege a fraudulent transfer or a transfer affected by a lack of capacity or by undue influence. It does not allege the existence of any survivor who has standing to raise the homestead issue.

. Article X, section 4(c) provides:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.