633 So.2d 30 (1994)
Mary B. JACOBS, Appellant,
v.
W.O. "Jake" JACOBS, a/k/a Withrow O. Jacobs, a/k/a W.O. Jacobs; Charles Allen Jacobs; Bette Gifford, and Shirley McLaughlin, Appellees.
No. 93-329.
District Court of Appeal of Florida, Fifth District.
January 28, 1994.
Rehearing Denied March 15, 1994.
*31 Philip L. Partridge of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellant.
Gary L. Butler and Renee K. Fehr of Cobb Cole & Bell, Daytona Beach, for appellees.
COBB, Judge.
The sole issue on this appeal is whether the trial court erred in awarding an attorney's fee against the plaintiff below, Mary B. Jacobs, pursuant to section 57.105(1), Florida Statutes (1987). Mary Jacobs unsuccessfully sought rescission of a warranty deed executed by her husband, Jake Jacobs, and herself, which purported to grant a life estate in homestead property, a fifteen acre dairy, to the two of them and their survivor, with the remainder interest to his four adult children by a prior marriage.
Jake and Mary Jacobs were married in 1954 and resided on the dairy property for more than thirty years. The property, prior to execution of the deed herein at issue, was titled solely in his name. In 1984 he executed a will which devised all of his property, real and personal, to his wife, his four natural children, and his stepson (Mary's natural child by a prior marriage). The will provided that she would receive thirty percent and the remaining seventy percent would be divided equally between their five children.
On June 7, 1989, Jake and Mary were taken to an attorney's office by his oldest son and there they executed the warranty deed. At that time he was suffering from cancer, and subsequently died on August 1, 1989, at the age of 81. Mary was reluctant to sign the deed and regretted having done so. Acting through counsel of her own, she proceeded to file a complaint on June 16, 1989, to rescind the deed, naming as defendants her husband and his four children, who are the appellees herein. She alleged that the warranty deed had been improperly witnessed and acknowledged, that her husband was incompetent and had been unduly influenced to execute the deed, and that she herself was not aware of what she had signed.
After trial, wherein the primary focus was on the husband's mental capacity at the time of execution of the deed, the trial court denied rescission. The four appellees then moved for an award of attorney's fees pursuant to section 57.105(1), Florida Statutes, contending the suit was frivolous because regardless of whether Mary Jacobs took title to the property through the warranty deed or by operation of law  Florida Constitution, Article X, section 4(c) and section 732.401(1), Florida Statutes  she could receive nothing other than a life estate in the homestead property with a vested remainder to the appellees as the lineal descendants of Jake Jacobs. The trial court agreed and awarded attorney's fees to them in the amount of $29,412.38. The court also awarded an attorney's fee of $4,567.50 to an attorney ad litem appointed to represent the estate of Jake Jacobs, who died during the litigation. The latter award has not been challenged by the instant appeal.
The contention of Mary Jacobs on appeal is that her position before the trial court was not frivolous  i.e., it was a reasonable argument that, in the absence of the warranty deed, she could have taken thirty percent of the fee interest in the homestead under the residuary clause of Jake Jacobs's will rather than the life estate she would receive by way of operation of section 732.401(1), Florida Statutes (1989).
Our determination of the issue on appeal must begin with the applicable provisions of law. Article X, section 4 of the Florida Constitution provides:
(c) The homestead shall not be subject to devise if the owner is survived by a spouse or minor child except the homestead may be devised to the owner's spouse if there be no minor child... .
Section 732.401(1), Florida Statutes (1989), in effect at the time of Jake Jacobs's death, provides:
If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other *32 intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death.
It is clear that when a decedent is survived by no minor children and the surviving spouse has waived homestead rights in a valid antenuptial agreement, there is no constitutional restriction on the devise of homestead property. City Nat'l Bank of Florida v. Tescher, 578 So.2d 701 (Fla. 1991); Wadsworth v. First Union Nat'l Bank, 564 So.2d 634 (Fla. 5th DCA 1990). It is also clear that the surviving spouse could waive her right of election to homestead, wholly or partly, before or after marriage, by a written waiver. § 732.702(1), Fla. Stat. (1987).
But the plaintiff below executed no such waiver at any time. It was her position that, as a surviving spouse in the absence of minor children, she still retained the option to waive her statutory right to a life estate in the homestead property and take under the residuary clause of her deceased spouse's will even after his death. The problem with this position is that such a waiver must be exercised in writing either before or during the marriage  i.e., prior to the husband's death  in order to avoid the vesting of the remainder interest in the husband's lineal descendants at the moment of his death. See In re Slawson's Estate, 41 So.2d 324 (Fla. 1949). Our reasoning in Wadsworth was that the waiver prior to the husband's death was the "legal equivalent of the prior death of the wife." Thus, because there was no surviving wife (she being "functionally dead") or minor children at the time of the husband's death, there was no constitutional impediment to the property passing under the husband's will. See Wadsworth at 635.
In the instant case, however, Mary Jacobs survived Jake Jacobs and there was no "legal equivalent" of her prior death because she had executed no waiver. Therefore, Jake Jacobs died with a surviving spouse and was constitutionally precluded from devising his homestead except that he could devise it to his spouse in the absence of a minor child. The question then becomes whether this constitutional exception may be fulfilled by a devise to the spouse of less than the entire fee. Based upon the literal wording of the constitution, it would appear that only a devise of the entire fee is contemplated therein. See In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), rev. denied, 518 So.2d 1273 (Fla. 1987).
The contrary argument would be that Article X, section 4 is intended for the benefit of only two classes of persons  the surviving spouse and the minor children. See, e.g., Tescher. Therefore, if the devise of the homestead to the spouse, assuming the absence of a minor child, is a devise of only a portion of that fee, only the surviving spouse would have standing to complain. In other words, the appellees here should not be heard to complain that Mary Jacobs was devised only thirty percent of the homestead fee when she could have been devised one hundred percent of it in conformity with the Florida Constitution. If there are no minor children, then there should be no impediment to permitting a surviving spouse to accept less than one hundred percent of the homestead in a devise. This argument would, in effect, give the protected party an election, even in the absence of a written waiver executed prior to the spouse's death, concerning whether to accept less than one hundred percent of the fee or whether to take the life estate granted by section 732.401(1).[1]
The precise issue of a surviving spouse's option to waive her statutory right to a life estate in her deceased spouse's homestead after his death and still inherit a portion of that property under his will has not been directly addressed by the Florida Supreme Court or by this court. Cf. Clifton v. Clifton, 553 So.2d 192 (Fla. 5th DCA 1989), rev. *33 denied, 563 So.2d 631 (Fla. 1990). That issue was decided adversely to the position of the appellant by the Second District in Cleeves. It is interesting to note, however, that the trial judge in Cleeves agreed with the position deemed to be frivolous by the trial judge in this case. We also note that the court appointed attorney ad litem was awarded $4,567.50 for promoting the same argument advanced by the trial attorney for Mary Jacobs, which argument was ultimately deemed frivolous by the trial court.
Whether or not such a partial devise of the homestead fee to the surviving spouse is permissible under the language of Article X need not be decided in this case. We may very well agree with the analysis in Cleeves in that regard. But the only issue that concerns us here is whether or not there was a complete absence of any justiciable issue of law or fact. See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla. 1980). We do not consider the widow's argument to be so lacking in substance, even though it was inartfully presented to the trial court. Accordingly, we reverse the section 57.105 fee award.
Although rendered moot by our decision herein, we also note that the trial court erred in its attempt to enter the attorney's fee award solely against the plaintiff and not in equal amounts against her and her trial attorney as required by the statute,[2] since there was no showing by the losing attorney that he acted on a misrepresentation by his client. Assuming that the action below was based on a legal misconception, the mistake was necessarily that of the lawyer and not the client.
REVERSED AND REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs with opinion.
GRIFFIN, Judge, concurring.
I concur in the majority opinion except that, given the quality of the arguments presented, I am not willing to commit to a position on the underlying legal issue of waiver of homestead and, given the procedural posture of this case, it is not necessary.
NOTES
[1] In some cases, the surviving spouse may prefer to accept a portion of the homestead under the will, rather than assert a life estate in the entire homestead. That is the situation which exists here. Here, the surviving spouse is somewhat elderly. Her attorney argued that it will be difficult for her to pay taxes on the property if she is relegated to a life estate. He contended that it would be better for her if she were to receive the cash value of thirty percent of the fee under the will.
[2] The inclusion of the losing party's attorney as a prospective payor of the fee under section 57.105 was enacted by ch. 86-160, § 61, Laws of Florida (1986), effective July 1, 1986. The instant action was filed in June, 1989.