647 So.2d 1064 (1994)
Bonnie ELMOWITZ, Appellant,
v.
The ESTATE OF Gloria E. ZIMMERMAN, Deceased, Appellee.
No. 93-2786.
District Court of Appeal of Florida, Third District.
December 28, 1994.
*1065 Jos. S. Paglino, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas and Marlene S. Reiss and Philip D. Parrish, Miami, for Harvey A. Burger as amicus curiae.
Before BARKDULL, COPE and GODERICH, JJ.
BARKDULL, Judge.
Appellant, an intervening judgment creditor, seeks review of a trial court order which reopened an estate and which determined that certain real property had not lost its homestead status.
Gloria Zimmerman died in 1989. Zimmerman's will devised her homestead to the Zimmerman Trust. Zimmerman's sister, Sandra Plotkin, was designated co-personal representative and co-trustee. The beneficiaries of the trust were Plotkin and her two sons, Jay and David Plotkin. The trust set forth that if Plotkin survived Zimmerman the trustees were to distribute fifty percent of the residue from Zimmerman's estate to Plotkin outright with the balance being held in trust for Jay and David. Jay and David waived all rights to the trust and executed quit claim deeds and Zimmerman's personal representatives executed a distributive deed to Plotkin. The representatives filed a petition to determine homestead, urging that the property was not homestead. The court appointed a guardian ad litem, attorney ad litem and administrator ad litem. The ad litem report stated that the property was Zimmerman's homestead, but that it had lost that status and that the devise to the trust was valid. In June of 1990, the court found that the property was Zimmerman's homestead, that she was not survived by a spouse or minor children and that the devise to the trust was valid. The estate was closed shortly thereafter.
In April of 1993, Bonnie Elmowitz recorded a $65,000 judgment against the Zimmerman Trust. In October of 1993, the trustees realized that the property was still titled to the trust and that Elmowitz's judgment was a cloud on the title. The trustees petitioned to reopen the Zimmerman estate and sought a determination that the property was, in fact, homestead. Elmowitz intervened and objected. The court held a hearing and found that Plotkin was the remaining beneficiary and sole natural heir of Zimmerman; that Plotkin was entitled to the protection of the homestead exemption; that Plotkin should receive the property free and clear of all liens; and that the trustees should deed the property to Plotkin effective as of 1990. From this order Elmowitz appeals. For the following reasons we reverse.
First, the trial court in the first instance correctly held, as a matter of law, that the property was Zimmerman's homestead and that upon devise to the trust, the property had lost its homestead status. The record is clear, Zimmerman was not survived by a spouse or minor child and thus the property was freely devisable to the trust. See In Re Estate of Morrow, 611 So.2d 80 (Fla. 2d DCA 1992); Hartwell v. Blasingame, 564 So.2d 543 (Fla. 2d DCA 1990). Upon devise to the trust Zimmerman's property lost its homestead status and became merely another asset of the trust.[1]In Re Estate of Morrow; Hartwell.
Second, assuming, which we do not, that the earliest order was in error, any error was induced and Plotkin may not now urge differently. "[S]he will not be permitted to gather fruit out of season in a garden of equity." Mohammad v. Mohammad, 371 So.2d 1070, 1072 (Fla. 1st DCA 1979). See also Risk Management Services v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982); Gagnon v. State, 212 So.2d 337 (Fla. 3d DCA 1968).
Third, a successor judge cannot reverse a predecessor judge's order which is final as to a question of law. See Groover v. *1066 Walker, 88 So.2d 312 (Fla. 1956); Ragar v. Ragar, 600 So.2d 1203 (Fla. 5th DCA 1992).
Finally, we note that the circuit court acting in its probate capacity is exercising equitable powers, see Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984), as such, it should not enter any order which interferes with an intervening third party's rights, such as the judgment creditor here, as the holder of a valid judgment lien.
Therefore, for the foregoing reasons, the order reopening the estate[2] and redetermining the homestead status of the real property, is reversed.
Reversed.
NOTES
[1] It is noted that Zimmerman's property was not specifically devised to Plotkin, thus she could not claim protection under Article X Section 4(b) of Florida's Constitution, see In Re Estate of Morrow; Hartwell, and was only entitled to an equivalent in value from the assets of the trust.
[2] We note that under section 733.903, Florida Statutes (1988) an estate may be reopened for good cause shown. But on this record we determine that appellee has not demonstrated good cause to authorize reopening an estate which has been closed since 1990.