843 So.2d 304 (2003)
Robert JAMES, et al., Appellants,
v.
Rosalie Kaye Bruno JAMES, Appellee.
No. 5D02-1565.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Rehearing Denied April 23, 2003.
*305 Ric Woodward, Melbourne, for Appellants.
Michael R. Riemenschneider and William H. Cantwell, II, of O'Brien, Riemenschneider, P.A., Melbourne, for Appellee.
SHARP, W., J.
Robert James, Cynthia A. Boehn, Sondra Toevs and David K. James III (appellants), the adult children of David R. James II (decedent) appeal from a summary final judgment entered in favor of Rosalie Kaye Bruno James (Rosalie), the decedent's widow and appellants' stepmother. Because we agree the record discloses no material issues of fact, the judgment below is affirmed as a matter of law, although we disagree with the reason given by the trial court.
The record discloses appellants filed suit against Rosalie in the county court to evict her from the residence property, in which she had resided with the decedent following their marriage on October 1, 2000. The decedent purchased the property on May 28, 1999, prior to his marriage to Rosalie. The decedent died on May 3, 2001.
Appellants alleged they owned the residence, having taken title pursuant to a quit claim deed executed and dated May 2, 2001. The deed recited that the decedent was a single man. A copy of the deed was attached to the complaint as an exhibit. Appellants also alleged the deed was executed by the decedent's attorney-in-fact, *306 David K. James III, acting under a power of attorney. A copy of the power of attorney was not attached to the pleadings. Appellants also asserted a damage claim against Rosalie for allowing the property to fall into disrepair and failing to maintain it.
Rosalie filed an answer, affirmative defenses and a counterclaim. Her first affirmative defense was that as the surviving widow of the decedent, her homestead rights could not be conveyed away without her joinder or signature. Second, she claimed fraud on the part of appellants in procuring the deed. Third she challenged the validity of the power of attorney to convey the property. She counterclaimed for cancellation of the quit claim deed for the reasons stated above. She further asserted the actions by appellants were taken to avoid provisions in the decedent's will, which bequeathed the residence to Rosalie. Copies of the decedent's probate proceedings containing a copy of the will filed in Pennsylvania were attached to her pleadings. Because of her requests to cancel the deed, the cause was transferred to the circuit court.
In the circuit court, Rosalie filed a motion for summary judgment and attached an affidavit in support. One basis for her motion was that the property was homestead and could not be conveyed without her joinder in the deed. §§ 732.401 and 732.4015, Fla. Stat.[1] In the affidavit, she alleged she was married to the decedent until his death and the property involved in this suit was their marital residence and homestead at the time of the decedent's death. She said that the statement in the deed that the decedent was single when the quit claim was executed was false and she asserted her homestead rights.
In her motion for summary judgment, she also challenged the transfer of the property as being beyond the scope of the power of attorney. She attached a copy of the power of attorney, which had been executed in 1995. Paragraph 16 of the power of attorney gave the attorney-in-fact power to make gifts to and on behalf of the decedent's four children in amounts up to $10,000 per year per child so long as the gifts were consistent with "prudent estate planning and financial management, and after consultation with Mellon Bank NA." Paragraph 17 empowered the attorney-in-fact to do any act in connection with the decedent's property he could do himself.
Initially, the trial court denied the summary judgment motion. However, prior to trial the motion was renewed by different counsel. He argued there were no material *307 facts in dispute and the validity of the quit claim deed should be resolved as a matter of law. First, the conveyance of the property without joinder of the decedent's wife was contrary to Article X, Section 4 of the Florida Constitution, and second, the power of attorney did not permit execution of the deed under the circumstances.
Counsel for appellants claimed the record posed an unresolved material fact issue as to whether the property was in fact homestead. This issue was arguably created by the appellants' denial in their response to interrogatories that the property concerned in the case was homestead property. Counsel asserted at the hearing Rosalie had purchased a different home during the marriage, which was her real residence when the decedent died. Unfortunately, the response is not in our record on appeal, although the facing sheet to that document is.[2] But even if such a denial was made by a pleading, in order to properly counter Rosalie's affidavit, which declares the property is homestead property, appellants should have filed a counter-affidavit challenging its homestead status. See First North American Bank v. Hummel, 825 So.2d 502 (Fla. 2d DCA 2002); Latour Auto Sales, Inc. v. Stromberg-Carlson Leasing Corp., 335 So.2d 600 (Fla. 3d DCA 1976).
Second, counsel for appellants argued that joinder by Rosalie in the deed was not required by homestead law because she had entered into a prenuptial agreement in which she waived her homestead rights and other statutory rights as widow of the decedent. Counsel conceded at the time of the summary judgment that the prenuptial agreement was not in the record, but he intended to present it at trial. The trial judge ruled that because the quit claim deed identified the decedent as a single man when it was executed, which was incorrect, that the deed was a nullity.
That fact alone would not be a sufficient basis to invalidate the quit claim deed. If Rosalie had executed a valid prenuptial agreement, she could have waived her homestead rights. See City National Bank of Florida v. Tescher, 578 So.2d 701 (Fla.1991); Jacobs v. Jacobs, 633 So.2d 30 (Fla. 5th DCA 1994); Wadsworth v. First Union National Bank, 564 So.2d 634 (Fla. 5th DCA 1990); Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983). The result of waiving homestead in a prenuptial agreement is that, for purposes of the constitutional restriction on devise of the homestead, the waiving spouse is deemed to have predeceased the decedent. See City National Bank; Topper v. Stewart, 449 So.2d 373 (Fla. 3d DCA 1984); Hulsh; DeGarcia's Estate, 399 So.2d 486 (Fla. 3d DCA 1981). It follows that a waiving spouse's joinder on a conveyance of homestead property by the owner is not required to pass title.
However, the salient fact in this case is that the prenuptial agreement was not in the record before the trial court nor was it asserted in appellants' pleadings. Its existence was only argued at the nonevidentiary summary judgment hearing. Thus, it could not be considered by the trial court at the summary judgment hearing. Harris v. Wilson, 656 So.2d 512, 516 (Fla. 1st DCA 1995); City of Brooksville v. Hernando County, 424 So.2d 846, 848 (Fla. 5th DCA 1982).
We also agree with Rosalie that the summary judgment in her favor was *308 properly entered because Paragraph 16 of the power of attorney limits the attorney-in-fact's power to make gifts to himself and his siblings. It was not disputed in this record that the attorney-in-fact failed to consult with the Bank as was required in the power prior to making gifts, and that the value of the property exceeded the amounts set forth in the power ($10,000 per child). Construction of a power of attorney, like contract law, is a matter of law. Johnson v. Fraccacreta, 348 So.2d 570 (Fla. 4th DCA 1977).
In general, an agent cannot make gifts of his principal's property to himself or others unless it is expressly authorized in the power. See In re Estate of Bell, 573 So.2d 57, 58 (Fla. 1st DCA 1990). And such powers are strictly constructed. Vaughn v. Batchelder, 633 So.2d 526 (Fla. 2d DCA 1994); Kotsch v. Kotsch, 608 So.2d 879 (Fla. 2d DCA 1992).
Appellants argue that the broad general statement in Paragraph 17 provides the holder of the power of attorney with authority to execute this quit claim deed. However, if we construed Paragraph 17 as granting the holder of the power of attorney such broad powers, there would be no meaning left for Paragraph 16, or area for its operation. See St. Gaudens v. Southeast Bank, N.A., 559 So.2d 1259 (Fla. 3d DCA 1990)(written power of attorney is a contract to be interpreted as a matter of law); Premier Ins. Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994)(a contract interpretation which gives reasonable meaning to all provisions is preferred).
We conclude that David K. James III clearly exceeded his authority under this power of attorney by gifting decedent's property involved in this case to his four adult children. Accordingly, the trial court correctly cancelled the deed transferring the property to appellants.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Section 732.041 provides:

(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death per stirpes.
(2) Subsection (1) shall not apply to property that the decedent and the surviving spouse owned as tenants by the entirety.
Section 732.4015, provides:
(1) As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child.
(2) For the purposes of subsection (1), the term:
(a) `Owner' includes the grantor of a trust described in s. 733.707(3) that is evidenced by a written instrument which is in existence at the time of the grantor's death as if the interest held in trust was owned by the grantor.
(b) `Devise' includes a disposition by trust of that portion of the trust estate which, if titled in the name of the grantor of the trust, would be the grantor's homestead.
[2] We note, for purposes of clarification, that unless Rosalie waived her homestead rights in a prenuptial agreement, the issue of whether Rosalie herself owned homestead property is not relevant to the outcome in this case.