877 So.2d 50 (2004)
Peter WARBURTON, Appellant,
v.
Thomas McKEAN and John W. McKean, as Co-Personal Representatives of the Estate of Henry Pratt McKean, II, Appellees.
No. 4D03-1954.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
*51 Troy B. Hafner and Brian J. Connelly of Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., Vero Beach, for appellant.
Bruce D. Barkett of Collins, Brown, Caldwell, Barkett & Garavaglia, Chartered, Vero Beach, for appellees.

ON MOTIONS FOR CLARIFICATION, REHEARING, REHEARING EN BANC, AND CERTIFICATION
GUNTHER, J.
We grant the Appellees' Motion for Certification and the Appellant's Motion for Clarification and deny the Motions for Rehearing and Rehearing En Banc. We withdraw the opinion issued on January 7, 2004 and substitute the following opinion.
Henry Pratt McKean, II, died testate. His personal representatives filed a Petition to Determine Homestead Status of Real Property. The trial court found that the real property in question was homestead property and that the four beneficiaries of the residuary clause were entitled to the property. Warburton, another beneficiary, timely appeals the trial court's decision to award the homestead to the beneficiaries of the residuary clause, arguing that the real property should have first gone to satisfy the pre-residuary devises. We agree and reverse and remand.
The decedent was not survived by a spouse or any minor children. At his death, the only assets owned by the decedent were his condominium which was sold for $141,000, and other nominal assets valued at $10,000. The estate has also incurred liabilities.
The decedent's will provides for two cash bequests. The first cash bequest was to the decedent's friend, Russell Cappelen, Jr. in the amount of $20,000. The second cash bequest was to the decedent's nephew, Peter Warburton, in the amount of *52 $150,000. Other specific bequests of particular assets, which are not at issue in this case, also were made in the will. The decedent then left "all the rest, residue and remainder" of his property to his four half-brothers, Thomas McKean, John W. McKean, Robert McKean, and David McKean, in equal shares. It is undisputed that there are not enough assets in the estate to satisfy either the estate's liabilities or the cash bequests.
In the Personal Representative's Petition to Determine Homestead Status of Real Property, the personal representatives, Thomas McKean and John McKean, who are also beneficiaries, under the residuary clause, asked the trial court to declare the condominium to be homestead property. The petition also stated that this condominium was validly devised to the decedent's four half-brothers through the residuary clause of the decedent's will. The trial court held a hearing in this matter and entered an uncontested order finding that the decedent's condominium was homestead property and that it was validly devised in the will. The trial court also ordered the homestead property to be sold and placed in a separate escrow account. The only issue left for the court to determine was who was entitled to receive the homestead property.
The trial court considered this issue in another hearing. After this hearing, the trial court issued an order in which it determined that the four half-brothers, as beneficiaries of the residuary clause, were now the owners of this homestead. The trial court found that because the will did "not direct the homestead to be sold to satisfy specific gifts in the event the assets of the probate estate are insufficient to pay those gifts," the homestead was not a part of the probate estate and was not subject to division. Therefore, the trial court stated that "the homestead vests, by operation of law, at the time of the decedent's death, in the names of the beneficiaries who are devised the homestead." In this case, the court found these beneficiaries were the four half-brothers as the beneficiaries of the residuary clause.
The Florida Constitution protects homesteads in this state in "three distinct ways." Snyder v. Davis, 699 So.2d 999, 1001 (Fla.1997). One protection, not at issue in this case, is that homesteads are partially exempt from taxes. Id. (citing Art. VII, § 6, Fla. Const.). Homesteads are also protected from forced sale by creditors and restrictions are placed on the homestead owner when he or she attempts to "alienate or devise the homestead property." Id. at 1001-02. (citing Art. X, § 4(a)-(c), Fla. Const.). However, when there is not a surviving spouse or a minor child, as in this case, the decedent's homestead may be devised without limitation. Art. X, § 4(c), Fla. Const (2002); § 732.401(1), Fla. Stat. (2002); City Nat'l Bank of Fla. v. Tescher, 578 So.2d 701, 703 (Fla.1991).
We reject the Appellees' position that because the property was homestead property, it must pass outside the probate estate and through the residuary clause. The Appellees rely on Snyder v. Davis, 699 So.2d 999 (Fla.1997), for this proposition. However, it is not controlling on this issue. While Snyder might have involved some similar facts, "[t]he sole issue [in Snyder was] ... whether Kelli Snyder, as the granddaughter [of the decedent], may be properly considered an heir under the homestead provision, qualifying her for protection from the forced sale of the homestead property when her father, the next in line heir under statutory intestate succession is still living." Id. at 1000-01. Thus, Snyder did not consider the issue on appeal in this case and cannot be considered controlling.
*53 Because the homestead could be freely devised, it was property of the estate subject to division in accordance with the established classifications giving some gifts priority over others.[1]See Tescher, 578 So.2d at 703; In re Estate of Hill, 552 So.2d 1133, 1133-35 (Fla. 3d DCA 1989), receded from in part on other grounds, Bartelt v. Bartelt, 579 So.2d 282 (Fla. 3d DCA 1991). In determining in what order gifts made in a will are satisfied by the estate's assets, the particular gifts in the will must be classified as either specific, general, or residuary. The only bequests at issue in this case are general and residual bequests.
A general legacy is:
one which may be satisfied out of the general assets of the testator's estate instead of from any specific fund, thing, or things. It does not consist of [a] gift of a particular thing or fund or part of the estate distinguished and set apart from others of its kind and subject to precise identification. A general legacy has a prerequisite of designation by quantity or amount. The gift may be either of money or other personal property.
Park Lake Presbyterian Church v. Estate of Henry, 106 So.2d 215, 217 (Fla. 2d DCA 1958). Here, the $150,000 cash bequest to Warburton is clearly a general bequest as it is to be paid in cash and is not a directed gift of a particular asset.
Residuary legacies are those "wherein fall all the assets of the estate after all other legacies have been satisfied and all charges, debts and costs have been paid." Id. In this case, the devise of "all the rest, residue, and remainder" of the decedent's property to the Appellees was a residual bequest.
General bequests are satisfied before residual bequests. § 733.805, Fla. Stat. (2002); In re Estate of Potter, 469 So.2d 957, 959 (Fla. 4th DCA 1985). Because general bequests are satisfied before gifts in the residuary clause, the cash bequest to Warburton should have been satisfied before the Appellees received anything through the residuary clause. Thus, the trial court improperly awarded the homestead property to the Appellees. Accordingly, we reverse and remand for proceedings consistent with this opinion.
In addition, we grant the Appellees' motion to certify the issue involved in this case as one of great public importance. See Fla. R.App. P. 9.030(a)(2)(B)(i). Accordingly, we certify to the Florida Supreme Court the following question as one of great public importance:
WHERE A DECEDENT IS NOT SURVIVED BY A SPOUSE OR ANY MINOR CHILDREN, DOES DECEDENT'S HOMESTEAD PROPERTY, WHEN NOT SPECIFICALLY DEVISED, PASS TO GENERAL DEVISEES BEFORE RESIDUARY DEVISEES IN ACCORDANCE WITH SECTION 733.805, FLORIDA STATUTES?
REVERSED and REMANDED.
FARMER, C.J., and KRATHEN, DAVID H., Associate Judge, concur.
NOTES
[1] By stating that the homestead property in this case was property of the estate, we are addressing only the particular situation presented in this case. We are not stating that freely devisable homesteads are subject to the claims of the decedent's creditors or the expenses of administering his or her estate where the homestead passes to a recipient who is within the class of persons regarded as "heirs" under Snyder, 699 So.2d at 1004-05.